# EXHIBIT B-1

Case 1:07-cv-00468-RAS Document 71-6 Filed 12/26/2007 Page 1 of 14

CAUSE NO. 416-3011-07

| | | |
|---|---|---|
| GARY KING and LISA KING, <br> Plaintiffs, <br> <br> v. <br> <br> OCWEN LOAN SERVICING, LLC, AS SUCCESSOR BY MERGER WITH OCWEN FEDERAL BANK, FSB, WACHOVIA BANK, N.A., F/K/A FIRST UNION NATIONAL BANK, AS TRUSTEE FOR AMERICAN RESIDENTIAL EAGLE CERTIFICATE TRUST 1998-1, UNKNOWN HOLDERS AND/OR OWNERS OF RESIDUAL INTEREST IN SECURITIZATION OF THE AMERICAN RESIDENTIAL EAGLE CERTIFICATE TRUST 1998-1, RUSSELL STOCKMAN, SUBSTITUTE TRUSTEE, and BAXTER & SCHWARTZ, P.C., <br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT <br> <br> <br> <br> <br> OF COLLIN COUNTY, TEXAS <br> <br> <br> <br> <br> <br> <br> <br> 416 JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, Gary King and Lisa King (herein referred to as "Plaintiffs"), Plaintiffs herein, and file this, their Original Petition complaining of OCWEN LOAN SERVICING, LLC, AS SUCCESSOR BY MERGER WITH OCWEN FEDERAL BANK, FSB, WACHOVIA BANK, N.A., F/K/A FIRST UNION NATIONAL BANK, AS TRUSTEE FOR AMERICAN RESIDENTIAL EAGLE CERTIFICATE TRUST 1998-1, UNKNOWN HOLDERS AND/OR OWNERS OF RESIDUAL INTEREST IN SECURITIZATION OF THE AMERICAN RESIDENTIAL EAGLE CERTIFICATE TRUST 1998-1, RUSSELL STOCKMAN, SUBSTITUTE TRUSTEE, and

2007 SEP -5 AM 10:06

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY_____ DEPUTY

PLAINTIFFS' ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE — PAGE 1

BAXTER & SCHWARTZ, P.C. (hereinafter collectively referred to as "Defendants") and would show the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1. The nature of this cause is such that discovery should be conducted under Discovery Control Plan – Level 2, pursuant to Tex.R.Civ.P. 190.2.

## II.
## PARTIES

2. Plaintiffs Gary King and Lisa King are individuals who reside in Collin County, Texas.

3. Defendant OCWEN LOAN SERVICING, LLC, AS SUCCESSOR BY MERGER WITH OCWEN FEDERAL BANK, FSB, (Ocwen Loan Servicing, LLC, as Successor by Merger with Ocwen Federal Bank, FSB, is referred to herein as "Ocwen") is, upon information and belief, a Delaware limited liability company. Ocwen Loan Servicing, LLC's principal place of business is located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409. Ocwen Loan Servicing, LLC may be served with process in this lawsuit by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

4. Defendant WACHOVIA BANK, N.A., F/K/A FIRST UNION NATIONAL BANK, AS TRUSTEE FOR AMERICAN RESIDENTIAL EAGLE CERTIFICATE TRUST 1998-1, ("Wachovia Bank, N.A."), is a foreign financial institution with its principal place of business located at 301 S. Tryon Street, Charlotte, North Carolina 28288. It may be served with process in this lawsuit by serving its registered agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

5. Defendants UNKNOWN HOLDERS AND/OR OWNERS OF RESIDUAL INTEREST IN SECURITIZATION OF THE AMERICAN RESIDENTIAL EAGLE CERTIFICATE TRUST 1998-1 ("Unknown Holders") are, upon information and belief, those individuals and/or entities that own or hold the residual interest in the securitization of the mortgage loans that include the mortgage loan of Plaintiffs. The current identity and location of these individuals and/or entities are presently unknown; however, Plaintiffs expect this information to be disclosed during discovery.

6. Defendant RUSSELL STOCKMAN is, upon information and belief, a Texas resident who may be served with citation in this action by serving him at his place of employment, Baxter & Schwartz, P.C., 5450 NW Central, Suite 307, Houston, Texas 77092, or wherever else he may be found.

7. Defendant BAXTER & SCHWARTZ, P.C. is a law firm and professional corporation duly existing under the laws of the State of Texas, with its principal place of business located at 5450 NW Central, Suite 307, Houston, Texas 77092. Defendant Baxter & Schwartz, P.C. can be served with citation by serving its registered agent and president, Christopher K. Baxter, at 5450 NW Central, Suite 307, Houston, Texas 77092.

### III.
### No Diversity Jurisdiction

8. Defendants Russell Stockman and Baxter & Schwartz, P.C. are not sued solely in their capacity as agents of Ocwen, but, rather, are also sued in their individual, rather than representative, capacities as substitute trustees with regard to the wrongful foreclosure of Plaintiffs' home. Because of the independent duty of substitute trustees to act with complete impartiality with regard to any foreclosure, any claims against such Defendants provide an independent basis of liability against them that is separate and distinct from any liability arising from their status as agents of Ocwen. The

Texas residence of these independently culpable substitute trustee Defendants therefore precludes any attempted removal of this case to federal court based upon alleged diversity jurisdiction.

### No Federal Subject Matter Jurisdiction

9. Plaintiffs expressly disclaim any rights and causes of action under any federal law, choosing instead to base all claims and causes of action entirely on the common law and statutes of the State of Texas.

### No Claims Related to Claims in Multi-District Litigation; No Class Actions

10. Plaintiffs do not assert that any fees, charges, insurance placements, notices, or forbearance agreements are, in and of themselves, illegal. Plaintiffs' suit does not seek to alter or supplement the federal regulatory scheme applicable to Defendants. Instead, Plaintiffs claim that, with regard to them, Defendants acted with wrongful and evil intent to accomplish a wrongful foreclosure. The claims in this suit are therefore based only on the common law and statutes of the State of Texas as applied to the facts of this particular Plaintiffs' case.

### Jurisdiction and Venue

11. This Court has jurisdiction over Defendants Ocwen and Wachovia Bank, N.A. by virtue of the fact that they own property in the State of Texas, and/or do business in the State of Texas, including owning and servicing of loans, which necessarily involves contracting with Texas residents by mail or otherwise when at least one of the parties is to perform the contract in Texas. Further, Ocwen and Wachovia Bank, N.A. have committed the torts as set forth herein below in whole or in part in Texas.

12. Defendant Russell Stockman is a resident of the State of Texas and, therefore, subject to personal jurisdiction. Defendant Baxter & Schwartz, P.C. is a law firm existing under the laws of the State of Texas, with its headquarters in Texas and does business in Texas, and is therefore

subject to personal jurisdiction.

13. Venue is mandatory in Collin County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code § 15.011 as the suit involves recovery of real property and removal of encumbrances on real property located in Collin County, Texas. Venue is proper pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(1), as Collin County, Texas, is where all or a substantial part of the events or omissions occurred, including the attempted wrongful foreclosure described below. Venue is also proper as to all of the Defendants under Tex. Civ. Prac. & Rem. Code § 15.005, as the claims or actions against each of them arose out of the same transaction or occurrence, or series of transactions or occurrences.

### The Discovery Rule, Fraudulent Concealment, and Continuous Tort

14. Plaintiffs plead the discovery rule specifically in response to, and as an affirmative defense to, any such pleas of statute of limitations as may be made. Plaintiffs allege and assert that they neither discovered, nor through reasonable diligence should have discovered, the claims or facts underlying their claims within any applicable limitations period, if any.

15. In addition, Plaintiffs plead the affirmative defenses of fraudulent concealment and continuous tort to any such pleas of statute of limitations as may be made. Defendants' fraudulent concealment and continuous torts defer the accrual period, if any, of Plaintiffs' causes of action.

### IV.
### Statement of Facts

16. Ocwen is in the business of servicing mortgages and loans, which in general includes collecting mortgage and loan payments on behalf of mortgage and loan holders. In reality, however, Ocwen's intent is to wrongfully place mortgages and loans into default so that the properties which secure those mortgages and loans can be wrongfully foreclosed. Ocwen's practices include paying financial incentives to its staff of loan collectors for moving properties with equity into foreclosure.

Ocwen also fails to give borrowers credit for payments as and when they are made. Plaintiffs have been the victim of Ocwen's wrongful conduct.

17. Plaintiffs' home at 10708 Briar Brook Lane, Frisco, Collin County, Texas 75034 (the "Property") was wrongfully foreclosed upon by Defendants without just, legal or equitable cause. Defendants' conduct with regard to the wrongful foreclosure of Plaintiffs' home was extreme and outrageous, and a violation of the following statutes and/or constitutes a basis for the following claims.

18. Defendants Russell Stockman and Baxter & Schwartz, P.C., acted as Substitute Trustees in connection with the wrongful foreclosure of Plaintiffs' home and, in doing so, breached the independent duty of substitute trustees to act with complete impartiality with regard to a foreclosure.

19. Wachovia Bank, N.A., and Ocwen purchased Plaintiffs' home at the foreclosure sale for grossly less than its market value, thereby depriving Plaintiffs of the equity that they had built in their home. Upon information and belief, Wachovia Bank, N.A., Ocwen, and Unknown Holders reaped the equity wrongfully taken from Plaintiffs.

V.
Causes of Action

A. Wrongful Foreclosure and Declaratory Action

20. Plaintiffs re-allege each of the allegations in paragraphs 1 through 19.

21. Defendants committed a wrongful foreclosure by virtue of one or more of the following wrongful acts:

    (a) failing to accept payments and pretending that a lack of payment was a default;

(b) failing to provide Plaintiffs timely and clear information about the timing and amount of payments owed;

(c) misapplying payments received;

(d) failing to comply with contractual and/or statutory notice provisions regarding foreclosure;

(e) continuing with efforts to foreclose and evict Plaintiffs despite the fact that Plaintiffs had been wrongfully prevented from curing the claimed defaults;

(f) continuing efforts to foreclose and evict Plaintiffs despite the fact that Plaintiffs had attempted to refinance and pay off the debt but had been prevented from refinancing and paying off the claimed debt; and

(g) demanding more than is actually due to avoid foreclosure.

22. There is no legal or rightful basis for these acts of Defendants in connection with the wrongful foreclosure of Plaintiffs' home. In addition to actual and punitive damages, Plaintiffs seek a declaratory judgment that the foreclosure was wrongful, of no effect and void and that the property properly and legally lies with Plaintiffs.

### B. Breach of Contract

23. Plaintiffs re-allege each of the allegations of paragraphs 1 through 22.

24. Defendants have committed a breach of contract by virtue of one or more of the following actions:

(a) failing to accept payments and pretending that a lack of payment was a default;

(b) failing to provide Plaintiffs timely and clear information about the timing and amount of payments owed;

(c) misapplying payments received;

(d) failing to comply with contractual and/or statutory notice provisions regarding foreclosure;

PLAINTIFFS' ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE                                           PAGE 7

(e) continuing with efforts to foreclose and evict Plaintiffs despite the fact that Plaintiffs had cured the claimed defaults, and/or been wrongfully prevented from curing the claimed defaults;

(f) continuing efforts to foreclose and evict Plaintiffs despite the fact that Plaintiffs had attempted to refinance and pay off the debt but had been prevented from refinancing and paying off the claimed debt; and

(g) demanding more than is actually due to avoid foreclosure.

25. Plaintiffs seek actual damages, interest, and attorneys' fees caused by the breach of contract alleged herein.

### C. Negligence and Gross Negligence

26. Plaintiffs re-allege each of the allegations in paragraphs 1 through 25.

27. Ocwen owed a duty of care to Plaintiffs to adequately train and supervise its staff of loan collectors and servicing agents in the proper and legal servicing of mortgages, such as the mortgage owed by Plaintiffs. Ocwen breached its duty to Plaintiffs by (1) failing to adequately train and/or supervise its staff of loan collectors and servicing agents in the servicing of Plaintiffs' mortgage by allowing the wrongful foreclosure of Plaintiffs' home, and (2) providing financial incentives to those collectors and agents for moving properties, including Plaintiffs' home, into foreclosure.

28. Ocwen's negligence has proximately caused harm to Plaintiffs' credit and actual damages for which Plaintiffs seek recovery.

29. In addition, Ocwen's conduct and neglect was in such complete disregard for Plaintiffs' credit history and rights in their property as to amount to malice and gross negligence for which Plaintiffs seek to recover punitive damages.

### D. Intentional Infliction of Emotional Distress

30. Plaintiffs re-allege each of the allegations in paragraphs 1 through 29.

31. Ocwen's intentional and/or reckless actions reflect its sinister desire to confuse and, if necessary, intimidate Plaintiffs in an effort to cause the wrongful foreclosure of Plaintiffs' home, and for Plaintiffs ultimately to lose their home. Ocwen's actions have been and continue to be extreme and outrageous, with a complete disregard for Plaintiffs' rights, and have been carried out with the knowledge and sinister desire to sell Plaintiffs' home covertly through a wrongful and illegal foreclosure. Ocwen's actions have caused severe emotional distress to Plaintiffs, including embarrassment, fear, humiliation, and unnecessary and excessive worry.

E. **Unreasonable Debt Collection Practices Under Texas Common Law**

32. Plaintiffs re-allege the allegations of paragraphs 1 through 31.

33. The actions of Ocwen in failing properly to account for Plaintiffs' payments, failing to verify the debt on the request of Plaintiffs, failing to honor the forbearance agreement, posting for foreclosure when Plaintiffs were trying to pay off the debt, preventing Plaintiffs from curing the claimed default, giving inconsistent accounting information on the amount of the debt, and generally failing to cooperate in allowing Plaintiffs to refinance or sell their home, and therefore pay off their mortgage loan, constitute unreasonable debt collection practices under the common law of the State of Texas. Further, Plaintiffs have suffered the emotional stress that naturally flows from a situation where a mortgage servicing company steps out of its role of servicing and tries to take a home wrongfully.

F. **Violations of the Texas Debt Collection Practices Act**

34. Plaintiffs re-allege the allegations of paragraphs 1 through 33.

35. Ocwen is a debt collector for purposes of the Texas Debt Collection Practices Act ("TDCPA"). Its conduct violates the TDCPA. Its violation of the TDCPA entitles Plaintiffs to actual damages and attorneys' fees under TDCPA §392.403.

### G. Breach of Fiduciary Duty

36. Plaintiffs re-allege each of the allegations in paragraphs 1 through 35.

37. Ocwen, as a servicing agent, stands in a fiduciary capacity with respect to Plaintiffs' monthly payments and credits on Plaintiffs' mortgage, escrow account, loan, insurance premiums and other related obligations. Ocwen has breached this duty for the numerous reasons stated above. Ocwen's conduct has caused Plaintiffs' damages for which Plaintiffs seek to recover damages.

### H. Request for Declaratory Judgment

38. Plaintiffs re-allege each of the allegations in paragraphs 1 through 37.

39. Plaintiffs request a declaration as to the true amount, if any, owed by Plaintiffs to Deutsche Bank, or any other party, in connection with any note or deed of trust executed by Plaintiffs for the purchase of their home, and a declaration as to the amount Deutsche Bank, or any other party should be required to reimburse, refund, or credit Plaintiffs for fees and expenses wrongfully charged to Plaintiffs' mortgage.

### I. Defamation

40. Plaintiffs re-allege each of the allegations in paragraphs 1 through 39.

41. Ocwen published statements of alleged fact concerning Plaintiffs, which were defamatory and false. Ocwen published such defamatory and false statements with actual malice, negligence, or without regard to fault. Plaintiffs suffered pecuniary injury as a result.

### J. Punitive Damages

42. Plaintiffs re-allege each of the allegations in paragraphs 1 through 41.

43. The harm to Plaintiffs was the result of Defendants' conduct, which was fraudulent, malicious, intentional, or, at a minimum, grossly negligent. For this, as well as Defendants' extreme

and outrageous conduct, and misconduct with respect to fiduciary property, Plaintiffs seek to recover punitive damages from Defendants in excess of any statutory limit. In support for exceeding any applicable limits, Plaintiffs will show that Defendants' acts constitute one or more felonies as set forth in Texas Civil Practice & Remedies Code § 41.008. All of these violations of the penal code were done knowingly and intentionally by Defendants to take advantage of Plaintiffs and enrich Defendants.

### K. Attorneys' Fees

44. Plaintiffs re-allege the allegations of paragraphs 1 through 43.

45. Plaintiffs have been required to employ counsel to represent their interests as a direct result of Defendants' wrongful conduct. Plaintiffs employed the undersigned attorneys and Plaintiffs are obligated to pay, and seek the recovery of, the attorneys' reasonable fees for the services rendered on Plaintiffs' behalf. Plaintiffs have made demand on Defendants to cease this conduct, but to no avail.

### L. Conditions Precedent

46. Plaintiffs re-allege the allegations of paragraphs 1 through 45.

47. All conditions precedent to recover on each of the causes of action alleged have occurred.

### M. Demand for Jury Trial

48. Plaintiffs hereby demand a jury trial and tender the requisite fee.

## VI.
### Request for Disclosure

49. Defendants are requested to disclose within fifty (50) days of this request the information or material described in Texas Rule of Civil Procedure 194.2(a) through (l). Pursuant to

Rule 194.3, Defendants are required to serve a written response upon the requesting party within fifty (50) days after the service of the request.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer, and further prays as follows:

1. Judgment against Defendants, jointly and severally, for actual damages sustained by Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court;

2. Judgment against Defendants, jointly and severally, for cancellation of the indebtedness described hereinabove;

3. Judgment against Defendants, jointly and severally, for punitive damages in an amount to be determined by the trier of fact;

4. A declaration as to the true amount, if any, owed by Plaintiffs to Wachovia Bank, N.A. or any other party or non-party in connection with any note or deed of trust executed by Plaintiffs for the purchase of the Property;

5. Judgment for Plaintiffs to recover reasonable and necessary attorneys' fees for bringing this case to trial and judgment, as well as a conditional award in the event of an appeal;

6. Judgment for both pre-judgment interest and post-judgment interest on all actual, special, and punitive damages and attorneys fees at the maximum interest rate allowed by law;

7. Judgment for costs of Court; and

8. Judgment for such other and further relief to which Plaintiffs may be otherwise entitled.

Respectfully submitted,

**PIPKIN, OLIVER & BRADLEY, L.L.P.**

By: _____
   William H. Oliver
   State Bar No. 15265200
   1020 Northeast Loop 410, Suite 810
   San Antonio, Texas 78209
   (210) 820-0082
   (210) 820-0077 (facsimile)

**ELLIS, CARSTARPHEN, DOUGHERTY & GOLDENTHAL P.C.**
   Edward M. Carstarphen
   State Bar No. 03906700
   5847 San Felipe, Suite 1900
   Houston, Texas 77057
   (713) 647-6800
   (713) 647-6884 (facsimile)

**HILLIARD & MUNOZ, L.L.P.**
   Robert C. Hilliard
   State Bar No. 09677700
   719 S. Shoreline Boulevard, Suite 500
   Corpus Christi, TX 78401
   (361) 882-1612
   (361) 882-3015 (facsimile)

**ATTORNEYS FOR PLAINTIFFS**