# EXHIBIT B-2

CAUSE NO. 416-3011-07

| | | |
|---|---|---|
| GARY KING and LISA KING, <br> Plaintiffs, | § <br> § <br> § | IN THE DISTRICT COURT |
| v. | § <br> § <br> § | 416th JUDICIAL DISTRICT |
| OCWEN LOAN SERVICING, LLC, <br> et al., <br> Defendants. | § <br> § <br> § | COLLIN COUNTY, TEXAS |

## SPECIAL EXCEPTIONS AND ORIGINAL ANSWER OF DEFENDANTS OCWEN LOAN SERVICING, LLC AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE

For their answer to Plaintiffs' Original Petition and Request for Disclosure ("Petition"), Defendants Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank FSB[1] ("Ocwen") and U.S. Bank National Association, successor in interest to Wachovia Bank, N.A. f/k/a First Union National Bank, as Trustee for American Residential Eagle Certificate Trust 1998-1[2] ("U.S. Bank") state as follows:

### I. SPECIAL EXCEPTIONS

Under Texas Rules of Civil Procedure 90 and 91, Ocwen and U.S. Bank specially except to the following allegations contained in Plaintiffs' Petition:

1. Ocwen and U.S. Bank specially except to Plaintiffs' Petition because Plaintiffs failed to plead the maximum amount of damages claimed. The Court "shall require the pleader to amend so as to specify the maximum amount claimed" upon exception. TEX. R. CIV. P. 47.

2. Ocwen and U.S. Bank specially except to Plaintiffs' negligence and gross negligence, intentional infliction of emotional distress and breach of fiduciary duty claims

---

[1] Incorrectly named Ocwen Loan Servicing, LLC, as successor by merger with Ocwen Federal Bank, FSB. Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank FSB, is appearing herein and will answer and defend all claims against Ocwen Loan Servicing, LLC, as successor by merger with Ocwen Federal Bank, FSB.

SPECIAL EXCEPTIONS AND ORIGINAL ANSWER – Page 1

because Plaintiffs have not pleaded damages that are separate and apart from breach of contract damages. "When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." *Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494 (Tex. 1991). There are no circumstances that could give rise to claims for negligence and gross negligence, intentional infliction of emotional distress and breach of fiduciary duty because Plaintiffs' remedies and the duties of the parties arise from and are governed by contract, and thus Plaintiffs' negligence and gross negligence, intentional infliction of emotional distress and breach of fiduciary duty claims cannot succeed and fail as a matter of law.

3. Ocwen and U.S. Bank specially except to Plaintiffs' intentional infliction of emotional distress claim because Plaintiffs have failed to plead with sufficiency the facts and elements necessary to support such a claim. In order to recover under a claim for intentional infliction of emotional distress, a plaintiff must show that (1) the defendant acted intentionally or recklessly; (2) the emotional distress suffered by the plaintiff was severe; (3) the defendant's conduct was extreme and outrageous; (4) the defendant's conduct proximately caused the plaintiff's emotional distress; and (5) there is no alternative cause of action that would provide a remedy for the severe emotional distress caused by the defendant. *See Hoffman-La Roche, Inc. v. Zeltwanger,* 144 S.W.3d 438, 445 (Tex. 2004); *Tiller v. McLure,* 121 S.W.3d 709, 713 (Tex. 2003). Not only have Plaintiffs failed to allege these elements, they have failed to set forth any supporting facts. For example, Plaintiffs do not allege that no other cause of action provides a possible remedy for their alleged emotional distress. In fact, Plaintiffs seek recovery for their alleged "mental anguish" and "emotional stress" via their unreasonable debt collection practices TDCPA claims as well. Plaintiffs have failed to plead all elements necessary to support an

---

[2] Incorrectly named Wachovia Bank, N.A., f/k/a First Union National Bank, as Trustee for American Residential Eagle Certificate Trust 1998-1. U.S. Bank National Association, as Trustee, is appearing herein and will answer and

SPECIAL EXCEPTIONS AND ORIGINAL ANSWER – Page 2

intentional infliction of emotional distress claim. Without this elemental and factual information, Ocwen and U.S. Bank do not have sufficient notice of the claims raised against them in order to prepare a proper defense. Therefore, Plaintiffs should be required to replead, and, in the event that they fail to adequately do so, their intentional infliction of emotional distress claim should be stricken. Further, there are no circumstances that could give rise to a claim for intentional infliction of emotional distress because, among other things, Plaintiffs have alternative causes of action that provide a basis of recovery for their alleged emotional stress, and thus Plaintiffs' claim for intentional infliction of emotional distress cannot succeed and fails as a matter of law.

4. Ocwen and U.S. Bank specially except to Plaintiffs' breach of fiduciary duty claim because there is no special relationship or any other facts - pleaded or otherwise - that would support the imposition of a fiduciary duty on Ocwen and/or U.S. Bank. There are no circumstances that could give rise to a claim for breach of fiduciary duty, and thus Plaintiffs' claim for breach of fiduciary duty cannot succeed and fails as a matter of law.

5. Ocwen and U.S. Bank specially except to Plaintiffs' wrongful foreclosure claim because Plaintiffs have failed to plead with sufficiency the facts and elements necessary to support such a claim. A claim for wrongful foreclosure requires that a foreclosure actually occurred. *See Wieler v. United Sav. Assn of Texas,* 887 S.W.2d 155, 158 (Tex. App.-Texarkana 1994, writ denied). Wrongful foreclosure requires that a plaintiff prove that irregularities in the foreclosure sale caused the property to be sold for a grossly inadequate price. *American Sav. & Loan Ass'n of Houston v. Musick,* 531 S.W.2d 581, 587 (Tex. 1976); *Weiler,* 887 S.W.2d at 158. Plaintiffs did not allege these elements. Without this elemental and factual information, Ocwen and U.S. Bank do not have sufficient notice of the claims raised against them in order to prepare

---

defend all claims against Wachovia Bank, N.A., as Trustee.

a proper defense. Therefore, Plaintiffs should be required to replead, and, in the event that they fail to adequately do so, their wrongful foreclosure claim should be stricken.

6.  Ocwen and U.S. Bank specially except to Plaintiffs' unreasonable debt collections practices under Texas common law claim because Plaintiffs fail to state a cause of action upon which relief may be granted. Plaintiffs have failed to plead with sufficiency the facts and elements necessary to support such a claim. *Woodrum v. Bradley*, 1990 Tex. App. LEXIS 2497, *10 (Tex. Civ. App. – Houston, Oct. 11, 1990, writ denied) ("Unreasonable collection efforts are defined as efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm.") Accordingly, their claim for common law unreasonable debt collections practices should be stricken.

7.  Ocwen and U.S. Bank specially except to Plaintiffs' Texas Debt Collection Practices Act, TEX. FIN. CODE §§ 392.001, *et seq.* ("TDCPA"), claim because Plaintiffs have failed to plead with sufficiency the facts and elements necessary to support such a claim. Ocwen and U.S. Bank also specially except to Plaintiffs' TDCPA claim because Ocwen and U.S. Bank are not "debt collectors" under the TDCPA. There are no circumstances that could give rise to a claim under the TDCPA, and thus Plaintiffs' TDCPA claim cannot succeed and fails as a matter of law.

8.  Ocwen and U.S. Bank specially except to Plaintiffs' defamation claim because Plaintiffs fail to state a cause of action upon which relief may be granted. Plaintiffs have failed to plead with sufficiency the facts and elements necessary to support such a claim. "To maintain a defamation cause of action, the plaintiff must prove that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a

private individual, regarding the truth of the statement." *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). Accordingly, their claim for defamation should be struck.

## II. GENERAL DENIAL

Subject to and without waiving the above Special Exceptions and pursuant to Rule 92 of the Texas Rules of Civil Procedure, Ocwen and U.S. Bank generally deny each and every allegation contained in the Petition and demand strict proof thereof.

## II. AFFIRMATIVE DEFENSES

In addition, Ocwen and U.S. Bank plead the following affirmative defenses:

1. Plaintiffs' claims are barred because one or more of the material obligations of the notes and security instruments have not been satisfied.

2. Plaintiffs' claims are barred because they lack standing.

3. Plaintiffs' claims are barred by the equitable doctrine of waiver.

4. Plaintiffs' claims are barred by the waiver provisions contained in the security instruments at issue in this lawsuit.

5. Plaintiffs' claims are barred by the doctrine of *de minimus non curat lex*.

6. Plaintiffs' claims are barred by the doctrines of unclean hands and *in pari delicto*.

7. Plaintiffs' claims are barred by the doctrine of unjust enrichment.

8. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

9. Plaintiffs' claims are barred by the election of rights doctrine.

10. Plaintiffs' claims are barred by the applicable statute of limitations.

11. Any allegedly wrongful acts or omissions of Ocwen and/or U.S. Bank, if and to the extent such acts and omissions occurred, were legally excused or justified.

12. Plaintiffs' claims are barred by the "one satisfaction" doctrine.

13. Plaintiffs' claims are barred to the extent that they were contributorily and/or comparatively at fault for their damages. Among other things, Plaintiffs' own acts or omissions caused and/or contributed to their alleged damages.

14. Plaintiffs have failed to mitigate or minimize their damages.

15. Plaintiffs' claim for intentional infliction of emotional distress is barred because an alternative cause of action exists that would provide a remedy for Plaintiffs' alleged emotional distress.

16. Plaintiffs' prayer for "cancellation of the indebtedness" at issue is barred by the United States and Texas Constitutions, including without limitation the Due Process Clause and the prohibitions on cruel and unusual punishments and excessive fines set forth in those Constitutions.

17. Ocwen and U.S. Bank claim all offsets and credits available under Chapter 33 of the Texas Civil Practice and Remedies Code.

18. Ocwen and U.S. Bank deny that all conditions precedent to a right of recovery have been satisfied.

19. Plaintiffs are not entitled to punitive damages, and any and all excessive amounts of punitive damages sought herein violate Chapter 41 of the Texas Civil Practice and Remedies Code, the Texas Constitution and the Constitution of the United States of America, all of which set limits on punitive damages.

20. Plaintiffs' claims are barred, in whole or in part, by the doctrines of judicial estoppel, res judicata, and collateral estoppel.

21. The Home Owners Loan Act of 1933 ("HOLA"), 12 U.S.C. § 1461 *et seq.,* and its implementing rules and regulations (e.g., 12 C.F.R. § 560.2) preempts Plaintiffs' claims in whole or in part. In particular, same preempts:

   a. the application of state laws to loan-related fees, including, without limitation, initial charges, late charges, pre-payment penalties, servicing fees and over-limit fees;

   b. processing, originating, servicing, sale or purchase of, or investment or participation in, mortgages;

   c. terms of credit; and

   d. state laws whose effect on the lending operations of Ocwen Federal Bank FSB were more than incidental.

### III. PRAYER

Defendants Ocwen and U.S. Bank pray that (1) this Court deny each and every claim, cause of action and request for damages asserted against them; (2) they be dismissed from this action and that they recover their attorneys' fees and costs of court; and (3) they be granted any other legal or equitable relief to which they may be entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett w/ perm. by LLS*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 4000
Dallas, TX 75202
(214) 672-2151
(214) 672-2351 (Fax)

    **LINDSAY L. STANSBERRY**
    Texas Bar No. 24041968

**COWLES & THOMPSON, P.C.**
1202 First Place
Tyler, TX 75702
(903) 596-9000
(903) 596-9005 (Fax)

ATTORNEYS FOR DEFENDANTS
OCWEN LOAN SERVICING, LLC,
SUCCESSOR IN INTEREST TO OCWEN
FEDERAL BANK FSB AND U.S. BANK
NATIONAL ASSOCIATION, AS TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 9th day of October 2007 a true and correct copy of the foregoing document was delivered via Certified Mail to the counsel of record listed below.

/s/ *Lindsay L. Stansberry*
**LINDSAY L. STANSBERRY**

William H. Oliver, Esq.
PIPKIN, OLIVER & BRADLEY, L.L.P.
1020 Northeast Loop 410, Suite 810
San Antonio, TX 78209

Edward M. Carstarphen, Esq.
Kori L. Westbrook, Esq.
ELLIS, CARSTARPHEN, DOUGHERTY & GOLDENTHAL, P.C.
5847 San Felipe, Suite 1900
Houston, TX 77057

Robert C. Hilliard, Esq.
HILLIARD & MUNOZ, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, TX 78401