# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| GARY KING and | ) | |
| LISA KING, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:07-cv-493 |
| | ) | |
| OCWEN LOAN SERVICING, LLC, et al., | ) | **UNOPPOSED** |
| | ) | |
| Defendants. | ) | |

### DEFENDANT OCWEN LOAN SERVICING, LLC'S
### UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING
### MDL PANEL REVIEW AND MEMORANDUM OF LAW IN SUPPORT

Defendant Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank FSB ("Ocwen"), files this Motion to Stay Proceedings Pending MDL Panel Review and Memorandum of Law in Support, and respectfully states the following:

### Introduction

On April 13, 2004, the Judicial Panel on Multidistrict Litigation ("MDL Panel") consolidated in the Northern District of Illinois for pretrial purposes nine federal actions involving allegedly improper loan servicing and/or debt collection practices by Ocwen. *In re Ocwen Fed. Bank FSB Mortgage Servicing Litig.,* M.D.L. Docket No. 1604, filed Apr. 13, 2004 (attached hereto as Exhibit A). The MDL Panel found that those nine actions "share[d] factual questions arising out of allegations that Ocwen and/or other defendants engaged in unfair loan servicing and/or debt collection practices) in violation of the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, the Truth-in-Lending Act, the Fair Credit Billing Act, the Racketeer Influenced and Corrupt Organizations Act and/or state consumer

protection/unfair trade practices statutes, as well as ii) based upon various common law theories of liability." *Id.* Consequently, the MDL Panel reasoned that "centralization … is … necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *Id.* Additional filings have resulted in the consolidation of over 60 cases. Separately, Plaintiffs' counsel in this proceeding has filed numerous cases in the state courts of Texas involving the same or similar claims, several of which have been removed to federal courts in this District and others. ***Twenty-two*** of those cases have been transferred to the MDL Action for consolidated proceedings. *See, e.g., Holmes v. Ocwen Loan Servicing, LLC, et al.,* No. 1:07-279 (E.D. Tex.); *Jones v. Ocwen Federal Bank FSB, et al.,* No. 6:06-108 (E.D. Tex); *Sinegal v. Ocwen Federal Bank FSB*, et al., No. 1:05-CV-246 (E.D. Tex.); *Brown v. Ocwen Loan Servicing, LLC, et al.,* No. 1:07-92 (E.D. Tex.); *Armstrong v. Ocwen Loan Servicing, LLC, et al.,* No. 3:07-1571 (N.D. Tex.); *Austin v. Ocwen Loan Servicing, LLC, et al.,* Case No. 7:07-cv-0117-R (N.D. Tex.); *Baham v. Ocwen Loan Servicing, LLC, et al.,* No. 3:07-404 (N.D. Tex.); *Gray v. Ocwen Loan Servicing, LLC, et al.,* No. 4:07-156 (N.D. Tex.); *Simpson v. Ocwen Federal Bank FSB, et al.,* No. 5:07-40 (N.D. Tex.); *Fleshman v. Ocwen Loan Servicing, LLC, et al.,* No. 4:07-108 (N.D. Tex.); *Rhoton v. Ocwen Federal Bank FSB, et al*., No. 4:05-CV-00630 (S.D. Tex.); *Watson v. Ocwen Federal Bank FSB*, No. H-05-0924 (S.D. Tex.); *Garcia v. Ocwen Loan Servicing, LLC,* No. 2:07-109 (S.D. Tex.); *Peters v. Ocwen Loan Servicing, LLC, et al.,* No. 5:07-775 (W.D. Tex.); *Traina v. Ocwen Loan Servicing, LLC, et al.,* No. 6:07-297 (W.D. Tex.); *Jantz v. Ocwen Federal Bank FSB, et al.,* No. 1:06-216-LY (W.D. Tex); *Clyde v. Ocwen Federal Bank FSB, et al.,* No. 5:06-cv-00122-FB (W.D. Tex.); *Brooks v. Ocwen Loan Servicing, LLC, et al.,* No. 1:07-172 (W.D. Tex.); *Waters v. Ocwen Financial Corp., et al.,* No. 1:07-61 (W.D. Tex.); *Moden v. Ocwen*

*Financial Corp., et al.,* No. 1:07-62 (W.D. Tex.); *Miranda v. Ocwen Financial Corp., et al.,* No. 5:07-34 (W.D. Tex.); *Beardslee v. Ocwen Loan Servicing, LLC, et al.,* No. 5:07-137 (W.D. Tex.).

Because this case raises many of the same factual allegations and claims as those already transferred and consolidated, Ocwen has notified the MDL Panel of this action in accordance with its procedures for related "Tag-Along Actions."[1] *See* Ex. C, Letter from Counsel for Ocwen to Clerk of the Panel, Judicial Panel on Multidistrict Litigation dated November 1, 2007; *see also* Rule 1.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425 (2001). Ocwen expects that the MDL Panel will transfer Plaintiffs' case to the MDL Action, as it has done with Ocwen's previous applications.[2] Notably, ***twenty-nine*** district courts—including four in the Eastern District of Texas, three in the Southern District of Texas, four in the Northern District of Texas, and five in the Western District of Texas brought by the same Plaintiffs' counsel in this action[3]—already have stayed similar cases against Ocwen under these same circumstances. *See* Ex. D, Collection of Orders.

In light of the impending transfer to the Panel, Ocwen asks this Court to stay all proceedings in the interim, as a stay would provide the court and the parties an opportunity to obtain a decision from the MDL Panel. Accordingly, Ocwen respectfully requests that this case

---

[1] On October 24, 2007, defendant Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank FSB, removed this case to this Court from the 416th Judicial District of Collin County, Texas. *See* Ex. B, Notice of Removal, without exhibits, dated October 24, 2007.

[2] Thus far the MDL Panel has transferred each lawsuit identified by Ocwen as a Tag-Along Action.

[3] *See, e.g., Sinegal v. Ocwen Federal Bank FSB,* No. 1:05-CV-246 (E.D. Tex.); *Brown v. Ocwen Loan Servicing, LLC, et al.,* Case No. 1:07-cv-00092-TH (E.D. Tex.); *Brown v. Ocwen Loan Servicing, LLC, et al.,* No. 6:07-cv-00402-MHS (E.D. Tex.); *Armstrong v. Ocwen Loan Servicing, LLC,* Case No. 3:07-cv-1571-D (N.D. Tex.); *Baham v. Ocwen Loan Servicing, LLC, et al.,* Case No. 3-07CV0404-L (N.D. Tex.); *Gray, et al., v. Ocwen Loan Servicing, LLC, et al.,* Case No. 4:07-cv-00156 (N.D. Tex.); *Austin v. Ocwen Loan Servicing, LLC, et al.,* Case No. 7:07-cv-0117-R (N.D. Tex.); *Rhoton v. Ocwen Federal Bank FSB, et al.,* No. 4:05-CV-00630 (S.D. Tex.); *Watson v. Ocwen Federal Bank FSB,* No. H-05-0924 (S.D. Tex.); *Garcia, et al. v. Ocwen Loan Servicing, LLC, et al.,* Case No. 2:07-cv-00109 (S.D. Tex.); *Miranda v. Ocwen Financial Corp., et al.,* Case No. 5;07-cv-00034-FB-NSN (W.D. Tex.); *Brooks v. Ocwen Loan Servicing, LLC, et al.,* Case No. 1:07-cv-00172-LY (W.D. Tex.); *Beardslee, et al., v.*

be stayed until such time as the Panel decides whether to transfer and consolidate this case into the MDL Action.

## Argument

### A.    *This Court Has Inherent Power to Stay These Proceedings*

A district court has an inherent power to stay the proceedings before it. *See PPG Indus., Inc. v. Continental Oil Co.,* 478 F.2d 674, 679-82 (5th Cir. 1973).  The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936); *see also Smith v. Mailboxes Etc.,* 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002) (granting motion to stay pending MDL action); *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (same).  "Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." *Rivers,* 980 F. Supp. at 1360.  When considering whether to impose a stay, the court should consider "(1) the hardship and inequity to the moving party if the action is not stayed, (2) the potential prejudice to the non-moving party, and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *U.S. Bank v. Royal Indemn. Co.,* No. Civ. A. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) (granting motion to stay); *see Weatherby v. Lincoln Elec. Co.,* Nos. Civ. A. 03-398, 03-487, 03-0770, 03-0930, 2003 WL 21088119, at *2 (E.D. La. May 9, 2003) (same).

### B.    *A Stay Would Prevent Substantial Prejudice to Ocwen and Conserve Judicial Resources*

Ocwen would suffer a considerable hardship if forced to simultaneously litigate duplicative issues in this Court and in the MDL Action.  In particular, if this case proceeds

---

*Ocwen Loan Servicing, LLC, et al.,* Case No. 5:07-cv-00137-OLG (W.D. Tex.); *Peters v. Ocwen Loan Servicing,*

before the Panel renders its transfer decision, Ocwen would be forced to conduct the same, overlapping discovery in multiple forums and file needlessly duplicative pretrial motions (which could obtain varying results). Without a stay, this Court and others in this District and elsewhere will confront the same motions practice, wasting judicial resources and creating the prospect of inconsistent dispositions. Indeed, one Texas district court recently "agree[d] that if [Defendant] is forced to conduct discovery and file dispositive motions with the Court, that an excessive amount of time, money, and energy could potentially be wasted." *U.S. Bank v. Royal Indemn. Co.,* No. Civ. A. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002); *see also Falgoust v. Microsoft Corp.*, No. Civ. A. 00-00779, 2000 WL 462919, at *3 (E.D. La. 2000); *Portnoy v. Zenith Labs*., Civ. A. No. 86-3512, 1987 WL 10236, at *1 (D.D.C. Apr. 21, 1987) ("The law favors coordination of related cases in order to eliminate the risk that parties will have to put forth duplicative cases or defenses or engage in duplicative pretrial tasks.").

Despite Plaintiffs' self-serving contention that their claims are not related to those pending in the MDL Action, (Pet. ¶ 10), the Petition in fact asserts allegations that are virtually identical to those contained in the actions that already have been transferred by the Panel to the MDL Action. Indeed, Plaintiffs' allegations overlap substantially with both the previously transferred actions (including those filed by Plaintiffs' counsel), as well as the currently operative complaint in the MDL Action. For example, all of the various petitions filed by counsel for Plaintiffs assert that a federally-regulated loan servicing agent owes Plaintiffs a state law fiduciary duty. And, like most of the actions already consolidated before the Panel, Plaintiffs repeat the allegations that Ocwen misapplied, failed to post or posted incorrectly

---

*LLC, et al.,* No. 5:07-775 (W.D. Tex.); *Traina v. Ocwen Loan Servicing, LLC, et al.,* No. 6:07-297 (W.D. Tex.).

payments made by Plaintiffs (Pet. ¶ 21), that Ocwen breached Plaintiffs' mortgage contract (Pet. ¶ 24), and that Ocwen was negligent (Pet. ¶¶ 27-29).

Given the similarity of Plaintiffs' allegations to those pending in this District and others in Texas, and in turn to those of the MDL Action, a stay of Plaintiffs' action plainly serves the interests of judicial economy.  ***First***, a stay of Plaintiffs' action would avoid duplicative discovery and pretrial motions and rulings.  *See, e.g., American Seafood, Inc. v. Magnolia Processing, Inc.,* Nos. Civ. A. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay.")

***Second***, a stay would prevent this Court from expending unnecessary time and energy becoming familiar with the case.  *See Rivers,* 980 F. Supp. at 1360 (finding that stay pending the transfer order prevents the court from unnecessarily "expend[ing] its energies familiarizing itself with the intricacies of a case that would be heard by another judge").  Similarly, a stay would avoid unnecessary judicial case management.  *Id*. (granting motion to stay because "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation if the MDL Panel does not consolidate the … cases in this Court.")  As Judge Solis of the Northern District of Texas concluded in granting a motion to stay pending action by the MDL Panel, "[i]f the MDL Motion is granted, all of the Court's time, energy and acquired knowledge regarding this action and its pretrial procedures will be wasted." *U.S. Bank v. Royal Indemn. Co.,* No. Civ. A. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002).

**C.      *Plaintiffs Will Not Be Prejudiced by Imposing a Stay***

Plaintiffs will not be prejudiced by a stay of this case. *First*, Ocwen was first served with the complaint on October 2, 2007. The parties have yet to confer pursuant to Rule 26 of the Federal Rules of Civil Procedure and thus, discovery has not commenced. *See Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, No. Civ. A. 90-4378, 1991 WL 13725, at *1 (D.N.J. Feb. 1, 1991) (questioning plaintiffs' claim that they would be prejudiced by stay pending decision of MDL Panel, where plaintiffs admitted unlikelihood that much pretrial discovery would occur between date of stay order and issuance of MDL Panel's order).

*Second*, a stay of this case would be temporary – just so long as it takes the MDL Panel to determine whether Plaintiffs' case should be consolidated in the MDL Action. After that decision is made, Plaintiffs' case will proceed again, either in this forum or as part of the consolidated proceedings before the Illinois federal court. This short delay borne by Plaintiffs is far outweighed by the imposition on judicial resources and by the prejudice Ocwen will suffer from incurring the expense of defending Plaintiffs' claims in this court and elsewhere before the Panel renders its decision. *See, e.g., Weinke v. Microsoft Corp.,* 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) ("[The] … cursory assertions of prejudice do not outweigh the disadvantages of litigating identical claims in a multitude of venues."); *Falgoust v. Microsoft Corp.*, No. Civ. A. 00-0779, 2000 WL 462919, at *3 (E.D. La. 2000) (finding that plaintiffs failed to show any significant prejudice beyond slight delay awaiting a decision from the MDL Panel).

## D.      *A Stay Also Furthers the Purposes of 28 U.S.C. § 1407*

As this Court is undoubtedly aware, the federal MDL process is designed to "avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary." *In re Silica Prods. Liab. Litig.*, 280 F. Supp. 2d 1381, 1383 (Jud. Pan. Mult. Litig. 2003). Consequently, to the extent that a stay of

Plaintiffs' claims furthers the interests of judicial efficiency, preventing duplicative discovery or inconsistent pretrial rulings, then the stay also furthers the purposes of the multidistrict litigation procedure as well.

**E.    Courts Routinely Stay Proceedings Until MDL Panel Review Despite Pending Motions to Remand**

As noted above, four courts in the Eastern District of Texas, three courts in the Southern District of Texas, four courts in the Northern District of Texas, and five courts in the Western District of Texas have already stayed similar Ocwen-related cases under these precise circumstances.  *See* Ex. D, Collection of Orders from *Sinegal v. Ocwen Federal Bank FSB,* No. 1:05-CV-246 (E.D. Tex.); *Brown v. Ocwen Loan Servicing, LLC*, *et al.,* Case No. 1:07-cv-00092-TH (E.D. Tex.); *Holmes v. Ocwen Loan Servicing, LLC*, *et al.,* No. 1:07-279 (E.D. Tex.); *Brown v. Ocwen Loan Servicing, LLC, et al.,* No. 6:07-cv-00402-MHS (E.D. Tex.); *Armstrong v. Ocwen Loan Servicing, LLC,* Case No. 3:07-cv-1571-D (N.D. Tex.); *Baham v. Ocwen Loan Servicing, LLC, et al.*, Case No. 3-07CV0404-L (N.D. Tex.); *Gray, et al., v. Ocwen Loan Servicing, LLC, et al.,* Case No. 4:07-cv-00156 (N.D. Tex.); *Austin v. Ocwen Loan Servicing, LLC, et al.,* Case No. 7:07-cv-0117-R (N.D. Tex.); *Rhoton v. Ocwen Federal Bank FSB, et al.,* No. 4:05-CV-00630 (S.D. Tex.); *Watson v. Ocwen Federal Bank FSB,* No. H-05-0924 (S.D. Tex.); *Garcia, et al. v. Ocwen Loan Servicing, LLC, et al.*, Case No. 2:07-cv-00109 (S.D. Tex.); *Miranda v. Ocwen Financial Corp*., *et al.*, Case No. 5;07-cv-00034-FB-NSN (W.D. Tex.); *Brooks v. Ocwen Loan Servicing, LLC, et al.*, Case No. 1:07-cv-00172-LY (W.D. Tex.); *Beardslee, et al., v. Ocwen Loan Servicing, LLC, et al.,* Case No. 5:07-cv-00137-OLG (W.D. Tex.); *Peters v. Ocwen Loan Servicing, LLC, et al.,* No. 5:07-775 (W.D. Tex.); *Traina v. Ocwen Loan Servicing, LLC, et al.,* No. 6:07-297 (W.D. Tex.).  Indeed, Texas federal district courts routinely stay all proceedings until the MDL Panel has had a chance to consider a transfer

motion.  *See, e.g., Gonzalez,* 223 F. Supp. 2d at 806; *Cantrell v. Wyeth*, No. Civ. A. 303CV1659G, 2003 WL 22251079, at *1 (N.D. Tex. Sept. 19, 2003) (Fish, C.J.); *McKelvy*, 2003 WL 21750952, at *1; *U.S. Bank*, 2002 WL 31114069, at *3.[4]  This is so even where the plaintiff has moved to remand the case back to state court.[5]

## Conclusion

As articulated above, this action should be stayed because it is the subject of a pending motion to transfer to the MDL Action.

\* \* \*

WHEREAS, for the foregoing reasons, Ocwen requests that the Court grant its Motion to Stay.  Ocwen further requests such other relief to which it may show itself justly entitled.

Dated:  November 27, 2007

---

[4] This is likewise true outside of Texas.  *See, e.g., Weatherby,* 2003 WL 21088119, at *2; *Falgoust,* 2000 WL 462919, at *2; *Board of Trustees of the Teachers' Retirement System of the State of Ill. v. Worldcom, Inc.,* 244 F. Supp. 2d 900, 906 (N.D. Ill. 2002); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48 F.Supp.2d 37, 43 (D.D.C. 1999); *Rivers,* 980 F. Supp. at 1361-1362; *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998); *Am. Seafood, Inc.*, 1992 WL 102762, at *2; *Arthur-Magna*, 1991 WL 13725, at *2; *Portnoy,* 1987 WL 10236, at *1; *Egon v. Del-Val Fin. Corp.,* No. Civ. A. 90-4338, 1991 WL 13726, at *1-2 (D.N.J. Feb. 1, 1991).

[5] *See, e.g., Register v. Burger Corp.,* 2002 WL 1585513 at *1 (E.D.La. 2002); *Washington v. Burger Corp.,* 2002 WL 1379135 at *1 (E.D.La. 2002); *Banquet v Glaxo SmithKline P.L.C.,* 2002 WL 1467875, at *2 (E.D. La. 2002) [staying proceedings and noting that "[t]he transferee judge 'certainly has the power to determine the question of remand'" (citation and quotation omitted)]; *Martinez v. Am. Home Prods. Corp.,* 2002 WL 4465184, at *1 (E.D. La. 2002) (same holding); *Falgoust v. Microsoft Corp.,* 2000 WL 462919, at *2 (E.D.La. 2000) (same holding)

Respectfully Submitted,

By: _/s/ Mark D. Cronenwett w/ perm. by LLS_
 **MARK D. CRONENWETT**
 Texas Bar No. 00787303
 Attorney in Charge
 Admitted in the Eastern District

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 4000
Dallas, TX 75202
(214) 672-2151
(214) 672-2351 (Fax)

 **LINDSAY L. STANSBERRY**
 Texas Bar No. 24041968
 Admitted in the Eastern District

**COWLES & THOMPSON, P.C.**
1202 First Place
Tyler, TX 75702
(903) 596-9000
(903) 596-9005 (Fax)

ATTORNEYS FOR DEFENDANTS OCWEN
LOAN SERVICING, LLC, SUCCESSOR IN
INTEREST TO OCWEN FEDERAL BANK FSB
AND U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE

## CERTIFICATE OF CONFERENCE

The undersigned counsel for Defendants personally conferred with counsel for Plaintiffs and counsel for co-defendants, who indicated that they are not opposed to the foregoing Motion.

 _/s/ Lindsay L. Stansberry_____
 **LINDSAY L. STANSBERRY**

MOTION TO STAY – Page 10

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Motion to Stay Pending MDL Panel Review was served by certified mail, return receipt requested, on this the 27th day of November, 2007 on the following:

William H. Oliver, Esq.
Pipkin, Oliver & Bradley, L.L.P.
1020 Northeast Loop 410, Suite 810
San Antonio, Texas 78209

Robert C. Hilliard, Esq.
Hilliard & Munoz, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401

Edward M. Carstarphen, Esq.
Kori L. Westbrook, Esq.
Ellis, Carstarphen, Dougherty & Coldenthal, P.C.
5847 San Felipe, Suite 1900
Houston, Texas 77057

Don Schwartz
Schwartz & Kalinowski, LLP
1821 Mons Avenue
Rosenberg, TX 77471

 */s/ Lindsay L. Stansberry*
**LINDSAY L. STANSBERRY**