# EXHIBIT A

UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CHAIRMAN:
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

MEMBERS:
Judge John F. Keenan
United States District Court
Southern District of New York

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Bruce M. Selya
United States Court of Appeals
First Circuit

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge Kathryn H. Vratil
United States District Court
District of Kansas

DIRECT REPLY TO:
Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002
Telephone: [202] 502-2800
Fax: [202] 502-2888
http://www.jpml.uscourts.gov

April 13, 2004

TO INVOLVED COUNSEL

Re: MDL-1604 -- In re Ocwen Federal Bank, FSB, Mortgage Servicing Litigation

(See Attached Schedule A of Order)

Dear Counsel:

I am enclosing a copy of a Panel order filed today in the above-referenced matter.

The Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425 (2001), and specifically, Rules 1.1, 7.4 and 7.5, refer to "tag-along" actions. Please familiarize yourself with these Rules for your future reference. With regard to Rule 7.5, you need only provide this office with a copy of the complaint which you feel qualifies as a "tag-along" action and informally request that our "tag-along" procedures be utilized in transferring the action to the transferee district. If you have any questions regarding procedures used by the Panel, please telephone this office.

Very truly,

Michael J. Beck
Clerk of the Panel

By /s/
Deputy Clerk

Enclosure

JPML Form 35

EXHIBIT A



RELEASED FOR PUBLICATION

DOCKET NO. 1604

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE OCWEN FEDERAL BANK FSB MORTGAGE SERVICING LITIGATION

BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., AND KATHRYN H. VRATIL, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation presently consists of nine actions: four actions in the Northern District of California, three actions in the Northern District of Illinois, and one action each in the Central District of California and the District of Connecticut.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by plaintiffs in the Central California action to centralize these actions in the Northern District of California for coordinated or consolidated pretrial proceedings. Plaintiffs in the four Northern California actions support this motion. If the Panel finds that the Connecticut action does not share sufficient questions of fact with the five California actions, the California plaintiffs alternatively seek centralization of only the California actions for Section 1407 proceedings. Or, if the Panel deems that centralization of all MDL-1604 actions would not be appropriate in the Northern District of California, movants alternatively seek centralization of unfair loan servicing actions in the Northern District of California and centralization of the remaining unfair debt collection actions in the Northern District of Illinois. Ocwen Federal Bank FSB (Ocwen), the Moss Codilis defendants[2] and plaintiffs in the Illinois actions agree that centralization is appropriate, but differ on the most appropriate transferee forum for this litigation. Ocwen suggests centralization in either the Northern District of Illinois or the Southern District of Florida, while the Moss Codilis defendants and plaintiffs in the Illinois actions support selection of the Illinois district as transferee forum. The Connecticut Hanson plaintiff and Litton Loan Servicing, LP

---

[1] The three Illinois actions were not included in the Section 1407 motion in this docket, but are now included in our transfer order, because all parties to these actions have stated in writing their respective positions and had the opportunity to present oral argument at the Panel's March 25, 2004, hearing in this matter.

The Panel has been notified that four potentially related actions have been filed as follows: one action each in the Eastern and Northern District of California, the Northern District of Illinois and the District of New Mexico. These actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP; Moss, Pite & Duncan, LLP; Codilis & Stawiarski, PC; Morris, Schneider & Prior, LLC; Feiz, Such, Khan & Shepard, PC; Weltman, Weinberg & Reis Co., LPA; Boles, Boles & Ryan, PLC; and nine individuals affiliated with one or more of these entities.

- 2 -

(Litton), which is only a defendant in the Connecticut action, oppose inclusion of *Hanson* in MDL-1604 proceedings. If the Panel deems inclusion of *Hanson* in MDL-1604 appropriate, Litton asks the Panel to separate claims against it in *Hanson* and to simultaneously remand these claims to the District of Connecticut, while the *Hanson* plaintiff suggests centralization of all MDL-1604 actions in the District of Connecticut.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising out of allegations that Ocwen and/or other defendants engaged in unfair loan servicing and/or debt collection practices i) in violation of the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, the Truth-in-Lending Act, the Fair Credit Billing Act, the Racketeer Influenced and Corrupt Organizations Act and/or state consumer protection/unfair trade practices statutes, as well as ii) based upon various common law theories of liability. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Litton urges the Panel to separate claims against it in the Connecticut *Hanson* action and to simultaneously remand these claims to the District of Connecticut, while Ocwen asks that the Northern California action (*Robinson*) not be included in MDL-1604 proceedings, because it has settled with the *Robinson* plaintiff. We are unwilling, on the basis of the record before us, to make these determinations at this time. We point out that transfer to a single district under Section 1407 has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. It may be, on further refinement of the issues and close scrutiny by Judge Charles R. Norgle, Sr., to whom we are assigning this litigation, that the claims against Litton can be remanded to the Connecticut district for trial in advance of the other MDL-1604 actions. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We also note that claims against Ocwen in *Robinson*, if settled, can be dismissed in the transferee district. We are confident in Judge Norgle's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims.

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the focal point for this nationwide litigation. We are persuaded that the Northern District of Illinois is an appropriate transferee district for this litigation. We note that i) three actions and one potentially related action are pending there, and ii) the Illinois district is geographically centrally located for these actions which are pending throughout the United States.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule A and pending outside the Northern District of Illinois are transferred to that district and, with

- 3 -

the consent of that court, assigned to the Honorable Charles R. Norgle, Sr., for coordinated or consolidated pretrial proceedings with the actions pending there.

FOR THE PANEL:

*[signature]*

Wm. Terrell Hodges
Chairman