# EXHIBIT C



# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

CENTURY CITY

HONG KONG

LONDON

LOS ANGELES

1625 Eye Street, NW
Washington, D.C. 20006-4001

TELEPHONE (202) 383-5300
FACSIMILE (202) 383-5414
www.omm.com

NEWPORT BEACH

NEW YORK

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

TOKYO

November 1, 2007

OUR FILE NUMBER
632360-13

**BY HAND DELIVERY**

Mr. Jeffrey N. Lüthi
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
One Columbus Circle, N.E.
Washington, D.C. 20002

WRITER'S DIRECT DIAL
202-383-5127

WRITER'S E-MAIL ADDRESS
bbrooks@omm.com

> Re: **_In re Ocwen Federal Bank FSB Mortgage Servicing_**
> **_Litigation_**
> **_Docket No. 1604_**
> **_Notice of Related Action_**

Dear Mr. Lüthi:

Attached at Tabs 1 and 2 are copies of the complaint and notice of removal in the following tag-along actions:

TAB

- *Gary King and Lisa King v. Ocwen Loan Servicing, LLC, et al.*, No. 4:07-cv-493, filed in the District Court of the State of Texas for Collin County and removed to the United States District Court for the Eastern District of Texas, Sherman Division.     1

- *James Hallmark and Judy Hallmark v. Ocwen Loan Servicing, LLC.*, No. SA:07CA0868, filed in the District Court of the State of Texas for Guadalupe County and removed to the United States District Court for the Western District of Texas, San Antonio Division.     2

The above-listed actions ("Actions") relate to the actions consolidated in *In re Ocwen Federal Bank FSB Mortgage Servicing Litigation*, MDL No. 1604. Accordingly, pursuant to R.P.J.P.M.L. 7.5(e), Ocwen notifies the Panel that the Actions are pending in federal court and should be transferred as part of MDL No. 1604 to the Northern District of Illinois.

The causes of action alleged in the above-listed Actions relate to the actions consolidated in MDL No. 1604 in a number of respects. *First*, the core substantive allegations in the complaints overlap with the substantive allegations included in most of the actions previously transferred by the Panel. In the first of these Actions, *King v. Ocwen Loan Servicing, LLC*, the plaintiff alleges that Ocwen failed to accept mortgage payments (Compl. ¶ 21(a)); that it improperly treated plaintiff as in default on their mortgage loan (Compl. ¶ 24(e)); and that it failed to provide timely payment information to plaintiff (Compl. ¶ 24(b)). In the second of these Actions, *Hallmark v. Ocwen Loan Servicing, LLC*, the plaintiffs allege that Ocwen failed to accept mortgage payments (Compl. ¶ 21(a)); that it improperly treated plaintiffs as in default on their mortgage loan (Compl. ¶ 24(e)); and that it failed to provide timely payment information to plaintiffs (Compl. ¶ 24(b)). These allegations are essentially identical to those asserted in actions that the Panel has previously transferred as well as to those included in the consolidated class action complaint currently operative in MDL No. 1604. *Second*, the plaintiffs in these actions are encompassed within the putative classes proposed for certification in other actions previously transferred by the Panel as part of MDL No. 1604. While the Actions at issue here are not putative class actions, the Panel has already transferred a number of individual actions to MDL No. 1604 and has frequently transferred individual actions to multidistrict proceedings where the factual allegations in such actions make clear that discovery is likely to overlap with discovery in class actions that are included in the proceeding. *See, e.g., In re Conseco Life Ins. Co. Cost of Ins. Litig.*, 2004 U.S. Dist. LEXIS 12139 (J.P.M.L. June 23, 2004); *In re Fine Host Corp. Secs. Litig.*, 1998 U.S. Dist. LEXIS 12332 (J.P.M.L. Aug. 7, 1998). *Third*, plaintiffs allege claims under legal theories that are similar to those asserted in other actions previously transferred by the Panel. For instance, the plaintiffs in both Actions allege breaches of duties arising under the Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act as well as breach of contract and negligence. These legal theories are asserted in actions that have already been transferred by the Panel and each is included in the MDL consolidated class action complaint.

While Ocwen denies the allegations in the above-listed actions and the other actions previously transferred, it nonetheless is clear that the legal and factual allegations in the above-listed Actions are sufficiently similar to those asserted in the actions previously identified to the Panel to warrant transfer for consolidated pretrial proceedings.

If you have any questions, please do not hesitate to call me at the above telephone number.

**O'MELVENY & MYERS LLP**

Mr. Jeffrey N. Lüthi, 2007- Page 3

Very truly yours,

Brian P. Brooks
*Counsel for Defendants*
*Ocwen Financial Corporation*
*Ocwen Federal Bank FSB*
*Ocwen Financial Services, Inc.*

cc:  MDL 1604 Lead Counsel (with Exhibits)
     MDL 1604 Liaison Counsel (with Exhibits)
     William H. Oliver (with Exhibits)
     Edward Carstarphen (with Exhibits)
     Robert C. Hilliard (with Exhibits)
     Don Schwartz (with Exhibits)
     All MDL 1604 Counsel of Record (without Exhibits)

# TAB 1

CAUSE NO. 416-3011-07

| | |
|---|---|
| GARY KING and LISA KING,<br>Plaintiffs, | § IN THE DISTRICT COURT |
| | § |
| v. | § |
| | § |
| OCWEN LOAN SERVICING, LLC, AS | § |
| SUCCESSOR BY MERGER WITH | § |
| OCWEN FEDERAL BANK, FSB, | § |
| WACHOVIA BANK, N.A., F/K/A FIRST | § |
| UNION NATIONAL BANK, AS | § OF COLLIN COUNTY, TEXAS |
| TRUSTEE FOR AMERICAN | § |
| RESIDENTIAL EAGLE CERTIFICATE | § |
| TRUST 1998-1, UNKNOWN HOLDERS | § |
| AND/OR OWNERS OF RESIDUAL | § |
| INTEREST IN SECURITIZATION OF | § |
| THE AMERICAN RESIDENTIAL | § |
| EAGLE CERTIFICATE TRUST 1998-1, | § |
| RUSSELL STOCKMAN, SUBSTITUTE | § |
| TRUSTEE, and BAXTER & | § |
| SCHWARTZ, P.C., | § |
| Defendants. | § 416 JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND
## REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, Gary King and Lisa King (herein referred to as "Plaintiffs"), Plaintiffs herein,

and file this, their Original Petition complaining of OCWEN LOAN SERVICING, LLC, AS

SUCCESSOR BY MERGER WITH OCWEN FEDERAL BANK, FSB, WACHOVIA BANK, N.A.,

F/K/A FIRST UNION NATIONAL BANK, AS TRUSTEE FOR AMERICAN RESIDENTIAL

EAGLE CERTIFICATE TRUST 1998-1, UNKNOWN HOLDERS AND/OR OWNERS OF

RESIDUAL INTEREST IN SECURITIZATION OF THE AMERICAN RESIDENTIAL EAGLE

CERTIFICATE TRUST 1998-1, RUSSELL STOCKMAN, SUBSTITUTE TRUSTEE, and

FILED

2007 SEP -5 AM 10: 06

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY_____DEPUTY

---

PLAINTIFFS' ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE

PAGE 1

BAXTER & SCHWARTZ, P.C. (hereinafter collectively referred to as "Defendants") and would show the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1.     The nature of this cause is such that discovery should be conducted under Discovery Control Plan – Level 2, pursuant to Tex.R.Civ.P. 190.2.

## II.
## PARTIES

2.     Plaintiffs Gary King and Lisa King are individuals who reside in Collin County, Texas.

3.     Defendant OCWEN LOAN SERVICING, LLC, AS SUCCESSOR BY MERGER WITH OCWEN FEDERAL BANK, FSB, (Ocwen Loan Servicing, LLC, as Successor by Merger with Ocwen Federal Bank, FSB, is referred to herein as "Ocwen") is, upon information and belief, a Delaware limited liability company. Ocwen Loan Servicing, LLC's principal place of business is located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409. Ocwen Loan Servicing, LLC may be served with process in this lawsuit by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

4.     Defendant WACHOVIA BANK, N.A., F/K/A FIRST UNION NATIONAL BANK, AS TRUSTEE FOR AMERICAN RESIDENTIAL EAGLE CERTIFICATE TRUST 1998-1, ("Wachovia Bank, N.A."), is a foreign financial institution with its principal place of business located at 301 S. Tryon Street, Charlotte, North Carolina 28288. It may be served with process in this lawsuit by serving its registered agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

---

**PLAINTIFFS' ORIGINAL PETITION AND**
**REQUEST FOR DISCLOSURE**                                              **PAGE 2**

5.     Defendants UNKNOWN HOLDERS AND/OR OWNERS OF RESIDUAL INTEREST IN SECURITIZATION OF THE AMERICAN RESIDENTIAL EAGLE CERTIFICATE TRUST 1998-1 ("Unknown Holders") are, upon information and belief, those individuals and/or entities that own or hold the residual interest in the securitization of the mortgage loans that include the mortgage loan of Plaintiffs.  The current identity and location of these individuals and/or entities are presently unknown; however, Plaintiffs expect this information to be disclosed during discovery.

6.     Defendant RUSSELL STOCKMAN is, upon information and belief, a Texas resident who may be served with citation in this action by serving him at his place of employment, Baxter & Schwartz, P.C., 5450 NW Central, Suite 307, Houston, Texas 77092, or wherever else he may be found.

7.     Defendant BAXTER & SCHWARTZ, P.C. is a law firm and professional corporation duly existing under the laws of the State of Texas, with its principal place of business located at 5450 NW Central, Suite 307, Houston, Texas 77092.  Defendant Baxter & Schwartz, P.C. can be served with citation by serving its registered agent and president, Christopher K. Baxter, at 5450 NW Central, Suite 307, Houston, Texas 77092.

### III.
### No Diversity Jurisdiction

8.     Defendants Russell Stockman and Baxter & Schwartz, P.C. are not sued solely in their capacity as agents of Ocwen, but, rather, are also sued in their individual, rather than representative, capacities as substitute trustees with regard to the wrongful foreclosure of Plaintiffs' home. Because of the independent duty of substitute trustees to act with complete impartiality with regard to any foreclosure, any claims against such Defendants provide an independent basis of liability against them that is separate and distinct from any liability arising from their status as agents of Ocwen. The

Texas residence of these independently culpable substitute trustee Defendants therefore precludes

any attempted removal of this case to federal court based upon alleged diversity jurisdiction.

### No Federal Subject Matter Jurisdiction

9.     Plaintiffs expressly disclaim any rights and causes of action under any federal law,

choosing instead to base all claims and causes of action entirely on the common law and statutes of

the State of Texas.

### No Claims Related to Claims in Multi-District Litigation; No Class Actions

10.     Plaintiffs do not assert that any fees, charges, insurance placements, notices, or

forbearance agreements are, in and of themselves, illegal. Plaintiffs' suit does not seek to alter or

supplement the federal regulatory scheme applicable to Defendants. Instead, Plaintiffs claim that,

with regard to them, Defendants acted with wrongful and evil intent to accomplish a wrongful

foreclosure. The claims in this suit are therefore based only on the common law and statutes of the

State of Texas as applied to the facts of this particular Plaintiffs' case.

### Jurisdiction and Venue

11.     This Court has jurisdiction over Defendants Ocwen and Wachovia Bank, N.A. by

virtue of the fact that they own property in the State of Texas, and/or do business in the State of

Texas, including owning and servicing of loans, which necessarily involves contracting with Texas

residents by mail or otherwise when at least one of the parties is to perform the contract in Texas.

Further, Ocwen and Wachovia Bank, N.A. have committed the torts as set forth herein below in

whole or in part in Texas.

12.     Defendant Russell Stockman is a resident of the State of Texas and, therefore, subject

to personal jurisdiction. Defendant Baxter & Schwartz, P.C. is a law firm existing under the laws of

the State of Texas, with its headquarters in Texas and does business in Texas, and is therefore

---

subject to personal jurisdiction.

13.     Venue is mandatory in Collin County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code § 15.011 as the suit involves recovery of real property and removal of encumbrances on real property located in Collin County, Texas. Venue is proper pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(1), as Collin County, Texas, is where all or a substantial part of the events or omissions occurred, including the attempted wrongful foreclosure described below. Venue is also proper as to all of the Defendants under Tex. Civ. Prac. & Rem. Code § 15.005, as the claims or actions against each of them arose out of the same transaction or occurrence, or series of transactions or occurrences.

### The Discovery Rule, Fraudulent Concealment, and Continuous Tort

14.     Plaintiffs plead the discovery rule specifically in response to, and as an affirmative defense to, any such pleas of statute of limitations as may be made. Plaintiffs allege and assert that they neither discovered, nor through reasonable diligence should have discovered, the claims or facts underlying their claims within any applicable limitations period, if any.

15.     In addition, Plaintiffs plead the affirmative defenses of fraudulent concealment and continuous tort to any such pleas of statute of limitations as may be made. Defendants' fraudulent concealment and continuous torts defer the accrual period, if any, of Plaintiffs' causes of action.

### IV.
### Statement of Facts

16.     Ocwen is in the business of servicing mortgages and loans, which in general includes collecting mortgage and loan payments on behalf of mortgage and loan holders. In reality, however, Ocwen's intent is to wrongfully place mortgages and loans into default so that the properties which secure those mortgages and loans can be wrongfully foreclosed. Ocwen's practices include paying financial incentives to its staff of loan collectors for moving properties with equity into foreclosure.

---

**PLAINTIFFS' ORIGINAL PETITION AND**
**REQUEST FOR DISCLOSURE**                                      **PAGE 5**

Ocwen also fails to give borrowers credit for payments as and when they are made. Plaintiffs have been the victim of Ocwen's wrongful conduct.

17.     Plaintiffs' home at 10708 Briar Brook Lane, Frisco, Collin County, Texas 75034 (the "Property") was wrongfully foreclosed upon by Defendants without just, legal or equitable cause. Defendants' conduct with regard to the wrongful foreclosure of Plaintiffs' home was extreme and outrageous, and a violation of the following statutes and/or constitutes a basis for the following claims.

18.     Defendants Russell Stockman and Baxter & Schwartz, P.C., acted as Substitute Trustees in connection with the wrongful foreclosure of Plaintiffs' home and, in doing so, breached the independent duty of substitute trustees to act with complete impartiality with regard to a foreclosure.

19.     Wachovia Bank, N.A., and Ocwen purchased Plaintiffs' home at the foreclosure sale for grossly less than its market value, thereby depriving Plaintiffs of the equity that they had built in their home. Upon information and belief, Wachovia Bank, N.A., Ocwen, and Unknown Holders reaped the equity wrongfully taken from Plaintiffs.

## V.
## Causes of Action

### A.     Wrongful Foreclosure and Declaratory Action

20.     Plaintiffs re-allege each of the allegations in paragraphs 1 through 19.

21.     Defendants committed a wrongful foreclosure by virtue of one or more of the following wrongful acts:

     (a)     failing to accept payments and pretending that a lack of payment was a default;

    (b)    failing to provide Plaintiffs timely and clear information about the timing and amount of payments owed;

    (c)    misapplying payments received;

    (d)    failing to comply with contractual and/or statutory notice provisions regarding foreclosure;

    (e)    continuing with efforts to foreclose and evict Plaintiffs despite the fact that Plaintiffs had been wrongfully prevented from curing the claimed defaults;

    (f)    continuing efforts to foreclose and evict Plaintiffs despite the fact that Plaintiffs had attempted to refinance and pay off the debt but had been prevented from refinancing and paying off the claimed debt; and

    (g)    demanding more than is actually due to avoid foreclosure.

22.    There is no legal or rightful basis for these acts of Defendants in connection with the wrongful foreclosure of Plaintiffs' home. In addition to actual and punitive damages, Plaintiffs seek a declaratory judgment that the foreclosure was wrongful, of no effect and void and that the property properly and legally lies with Plaintiffs.

**B.**    **Breach of Contract**

23.    Plaintiffs re-allege each of the allegations of paragraphs 1 through 22.

24.    Defendants have committed a breach of contract by virtue of one or more of the following actions:

    (a)    failing to accept payments and pretending that a lack of payment was a default;

    (b)    failing to provide Plaintiffs timely and clear information about the timing and amount of payments owed;

    (c)    misapplying payments received;

    (d)    failing to comply with contractual and/or statutory notice provisions regarding foreclosure;

(e)      continuing with efforts to foreclose and evict Plaintiffs despite the fact that Plaintiffs had cured the claimed defaults, and/or been wrongfully prevented from curing the claimed defaults;

(f)      continuing efforts to foreclose and evict Plaintiffs despite the fact that Plaintiffs had attempted to refinance and pay off the debt but had been prevented from refinancing and paying off the claimed debt; and

(g)      demanding more than is actually due to avoid foreclosure.

25.      Plaintiffs seek actual damages, interest, and attorneys' fees caused by the breach of contract alleged herein.

### C.      Negligence and Gross Negligence

26.      Plaintiffs re-allege each of the allegations in paragraphs 1 through 25.

27.      Ocwen owed a duty of care to Plaintiffs to adequately train and supervise its staff of loan collectors and servicing agents in the proper and legal servicing of mortgages, such as the mortgage owed by Plaintiffs. Ocwen breached its duty to Plaintiffs by (1) failing to adequately train and/or supervise its staff of loan collectors and servicing agents in the servicing of Plaintiffs' mortgage by allowing the wrongful foreclosure of Plaintiffs' home, and (2) providing financial incentives to those collectors and agents for moving properties, including Plaintiffs' home, into foreclosure.

28.      Ocwen's negligence has proximately caused harm to Plaintiffs' credit and actual damages for which Plaintiffs seek recovery.

29.      In addition, Ocwen's conduct and neglect was in such complete disregard for Plaintiffs' credit history and rights in their property as to amount to malice and gross negligence for which Plaintiffs seek to recover punitive damages.

### D.      Intentional Infliction of Emotional Distress

30.      Plaintiffs re-allege each of the allegations in paragraphs 1 through 29.

---

31.     Ocwen's intentional and/or reckless actions reflect its sinister desire to confuse and, if necessary, intimidate Plaintiffs in an effort to cause the wrongful foreclosure of Plaintiffs' home, and for Plaintiffs ultimately to lose their home. Ocwen's actions have been and continue to be extreme and outrageous, with a complete disregard for Plaintiffs' rights, and have been carried out with the knowledge and sinister desire to sell Plaintiffs' home covertly through a wrongful and illegal foreclosure. Ocwen's actions have caused severe emotional distress to Plaintiffs, including embarrassment, fear, humiliation, and unnecessary and excessive worry.

**E.     Unreasonable Debt Collection Practices Under Texas Common Law**

32.     Plaintiffs re-allege the allegations of paragraphs 1 through 31.

33.     The actions of Ocwen in failing properly to account for Plaintiffs' payments, failing to verify the debt on the request of Plaintiffs, failing to honor the forbearance agreement, posting for foreclosure when Plaintiffs were trying to pay off the debt, preventing Plaintiffs from curing the claimed default, giving inconsistent accounting information on the amount of the debt, and generally failing to cooperate in allowing Plaintiffs to refinance or sell their home, and therefore pay off their mortgage loan, constitute unreasonable debt collection practices under the common law of the State of Texas. Further, Plaintiffs have suffered the emotional stress that naturally flows from a situation where a mortgage servicing company steps out of its role of servicing and tries to take a home wrongfully.

**F.     Violations of the Texas Debt Collection Practices Act**

34.     Plaintiffs re-allege the allegations of paragraphs 1 through 33.

35.     Ocwen is a debt collector for purposes of the Texas Debt Collection Practices Act ("TDCPA"). Its conduct violates the TDCPA. Its violation of the TDCPA entitles Plaintiffs to actual damages and attorneys' fees under TDCPA §392.403.

**PLAINTIFFS' ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE**                                              **PAGE 9**

### G. Breach of Fiduciary Duty

36.     Plaintiffs re-allege each of the allegations in paragraphs 1 through 35.

37.     Ocwen, as a servicing agent, stands in a fiduciary capacity with respect to Plaintiffs' monthly payments and credits on Plaintiffs' mortgage, escrow account, loan, insurance premiums and other related obligations. Ocwen has breached this duty for the numerous reasons stated above. Ocwen's conduct has caused Plaintiffs' damages for which Plaintiffs seek to recover damages.

### H. Request for Declaratory Judgment

38.     Plaintiffs re-allege each of the allegations in paragraphs 1 through 37.

39.     Plaintiffs request a declaration as to the true amount, if any, owed by Plaintiffs to Deutsche Bank, or any other party, in connection with any note or deed of trust executed by Plaintiffs for the purchase of their home, and a declaration as to the amount Deutsche Bank, or any other party should be required to reimburse, refund, or credit Plaintiffs for fees and expenses wrongfully charged to Plaintiffs' mortgage.

### I. Defamation

40.     Plaintiffs re-allege each of the allegations in paragraphs 1 through 39.

41.     Ocwen published statements of alleged fact concerning Plaintiffs, which were defamatory and false. Ocwen published such defamatory and false statements with actual malice, negligence, or without regard to fault. Plaintiffs suffered pecuniary injury as a result.

### J. Punitive Damages

42.     Plaintiffs re-allege each of the allegations in paragraphs 1 through 41.

43.     The harm to Plaintiffs was the result of Defendants' conduct, which was fraudulent, malicious, intentional, or, at a minimum, grossly negligent. For this, as well as Defendants' extreme

---

**PLAINTIFFS' ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE**

and outrageous conduct, and misconduct with respect to fiduciary property, Plaintiffs seek to recover punitive damages from Defendants in excess of any statutory limit. In support for exceeding any applicable limits, Plaintiffs will show that Defendants' acts constitute one or more felonies as set forth in Texas Civil Practice & Remedies Code § 41.008. All of these violations of the penal code were done knowingly and intentionally by Defendants to take advantage of Plaintiffs and enrich Defendants.

## K. Attorneys' Fees

44. Plaintiffs re-allege the allegations of paragraphs 1 through 43.

45. Plaintiffs have been required to employ counsel to represent their interests as a direct result of Defendants' wrongful conduct. Plaintiffs employed the undersigned attorneys and Plaintiffs are obligated to pay, and seek the recovery of, the attorneys' reasonable fees for the services rendered on Plaintiffs' behalf. Plaintiffs have made demand on Defendants to cease this conduct, but to no avail.

## L. Conditions Precedent

46. Plaintiffs re-allege the allegations of paragraphs 1 through 45.

47. All conditions precedent to recover on each of the causes of action alleged have occurred.

## M. Demand for Jury Trial

48. Plaintiffs hereby demand a jury trial and tender the requisite fee.

## VI.
## Request for Disclosure

49. Defendants are requested to disclose within fifty (50) days of this request the information or material described in Texas Rule of Civil Procedure 194.2(a) through (l). Pursuant to

---

**PLAINTIFFS' ORIGINAL PETITION AND**
**REQUEST FOR DISCLOSURE**

Rule 194.3, Defendants are required to serve a written response upon the requesting party within fifty (50) days after the service of the request.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer, and further prays as follows:

1.  Judgment against Defendants, jointly and severally, for actual damages sustained by Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court;

2.  Judgment against Defendants, jointly and severally, for cancellation of the indebtedness described hereinabove;

3.  Judgment against Defendants, jointly and severally, for punitive damages in an amount to be determined by the trier of fact;

4.  A declaration as to the true amount, if any, owed by Plaintiffs to Wachovia Bank, N.A. or any other party or non-party in connection with any note or deed of trust executed by Plaintiffs for the purchase of the Property;

5.  Judgment for Plaintiffs to recover reasonable and necessary attorneys' fees for bringing this case to trial and judgment, as well as a conditional award in the event of an appeal;

6.  Judgment for both pre-judgment interest and post-judgment interest on all actual, special, and punitive damages and attorneys fees at the maximum interest rate allowed by law;

7.  Judgment for costs of Court; and

8.  Judgment for such other and further relief to which Plaintiffs may be otherwise entitled.

Respectfully submitted,

**PIPKIN, OLIVER & BRADLEY, L.L.P.**

By: _____

William H. Oliver
State Bar No. 15265200
1020 Northeast Loop 410, Suite 810
San Antonio, Texas 78209
(210) 820-0082
(210) 820-0077 (facsimile)

**ELLIS, CARSTARPHEN, DOUGHERTY &
GOLDENTHAL P.C.**

Edward M. Carstarphen
State Bar No. 03906700
5847 San Felipe, Suite 1900
Houston, Texas 77057
(713) 647-6800
(713) 647-6884 (facsimile)

**HILLIARD & MUNOZ, L.L.P.**

Robert C. Hilliard
State Bar No. 09677700
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, TX 78401
(361) 882-1612
(361) 882-3015 (facsimile)

**ATTORNEYS FOR PLAINTIFFS**

---

**PLAINTIFFS' ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 24 2007

DAVID J. MALAND, CLERK
BY
DEPUTY _____

| | |
|---|---|
| GARY KING and<br>LISA KING,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, AS<br>SUCCESSOR BY MERGER WITH<br>OCWEN FEDERAL BANK, FSB,<br>WACHOVIA BANK, N.A., F/K/A FIRST<br>UNION NATIONAL BANK, AS<br>TRUSTEE FOR AMERICAN<br>RESIDENTIAL EAGLE CERTIFICATE<br>TRUST 1998-1, UNKNOWN HOLDERS<br>AND/OR OWNERS OF RESIDUAL<br>INTEREST IN SECURITIZATION OF<br>THE AMERICAN RESIDENTIAL EAGLE<br>CERTIFICATE TRUST 1998-1,<br>RUSSELL STOCKMAN,<br>SUBSTITUTE TRUSTEE, and<br>BAXTER & SCHWARTZ, P.C.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No. 4:07cv493<br>Jury Demand by Plaintiffs |

## NOTICE OF REMOVAL

Defendants Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank

FSB, ("Ocwen"), and U.S. Bank National Association, successor in interest to Wachovia Bank,

N.A. f/k/a First Union National Bank, as Trustee for American Residential Eagle Certificate

Trust 1998-1 ("U.S. Bank") respectfully notify the Court pursuant to 28 U.S.C. § 1441 that they

have this day removed this action from the 416th Judicial District Court of Collin County, Texas,

to this Court. In support of their removal, Ocwen and U.S. Bank submit this notice. Removal is

based on the grounds that diversity jurisdiction exists over this action because there is complete

diversity between Plaintiffs and all relevant defendants and the amount in controversy exceeds

$75,000. Removal is also based on the grounds that federal question jurisdiction exists over this action because it involves claims that necessitate the resolution of substantial, disputed questions of federal law.

## BACKGROUND

1.      This action was originally filed as Cause No. 416-3011-07 in the 416th Judicial District Court of Collin County, Texas on September 5, 2007. A certified copy of the Docket Sheet from Cause No. 416-3011-07 in the 416th Judicial District Court of Collin County, Texas is attached hereto as Exhibit A. True and correct copies of all pleadings filed in the state court are attached hereto as Exhibits B-1 through B-3.

2.      Ocwen and Russell Stockman were served on October 2, 2007. Baxter & Schwartz, P.C. was served on October 1, 2007. U.S. Bank has not yet been served. This removal is therefore timely because it has been filed within 30 days of service as required by 28 U.S.C. § 1446(b).

3.      All defendants that have been served consent to removal of this action to federal court. (*See* Baxter & Schwartz, P.C. Notice of Citizenship and Consent to Removal (attached at Exh. C); Russell Stockman Consent to Removal (attached at Exh. D).)

4.      Plaintiffs' complaint alleges a variety of claims relating to Ocwen's servicing of and eventual foreclosure on Plaintiffs' mortgage loans. (*See, e.g.*, Compl. ¶¶ 16-19.) This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been filed originally in this Court pursuant to the diversity jurisdiction conferred by 28 U.S.C. § 1332 and the federal question jurisdiction conferred by 28 U.S.C. § 1331. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

### DIVERSITY JURISDICTION

5.      Federal diversity jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1332 because all relevant parties are diverse and the amount in controversy exceeds $75,000.

## THERE IS COMPLETE DIVERSITY AMONG ALL PARTIES

6.      There is diversity of citizenship among all relevant parties. Plaintiffs Gary King and Lisa King are citizens of Texas. (*See* Compl. ¶ 2.)

7.      Ocwen is a citizen of Florida. As of June 30, 2005, Ocwen Federal Bank FSB voluntarily dissolved, and its mortgage servicing business was transferred to Ocwen Loan Servicing, LLC. (*See* Declaration of Chomie Neil ("Neil Decl.") ¶ 2 (attached at Exh. E).) Ocwen Loan Servicing, LLC is a limited liability company. For diversity purposes, "several district courts within the Fifth Circuit have determined the citizenship of a limited liability company by looking to the citizenship of its members." *Blanchard v. Wal-Mart Stores Tex., L.P.* 368 F. Supp. 2d 621, 625 (E.D. Tex. 2005) (explaining that the majority of federal appellate courts determine citizenship of limited liability companies in the same manner); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). The sole member of Ocwen Loan Servicing, LLC is Ocwen Financial Corporation, which is a citizen of Florida. (*See* Neil Decl. ¶ 3.)

8.      Plaintiffs have also named the "Unknown Holders and/or Owners of Residual Interest in Securitization of the American Residential Eagle Certificate Trust 1998-1." (Compl. ¶ 5). The citizenship of unnamed or unknown defendants is not considered for purposes of removal. *See* 28 U.S.C. § 1441(a); *Barragan v. Warner-Lambert Co.*, 216 F. Supp. 2d 627, 630

Case 4:07-cv-00493-RAS Document 16-5 Filed 12/26/2007 Page 22 of 61

(W.D. Tex. 2002) ("The citizenship of the Unnamed Defendants is not relevant for removal purposes.").

9.     U.S. Bank is a national banking association incorporated under the laws of the United States. U.S. Bank's main office, as designated in its articles of association, is located in Ohio and its principal place of business is in Minnesota.  National banking associations are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. "[T]he definition of 'located' is limited to the national bank's principal place of business and the state listed in its organization certificate and its articles of association." *Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004); *see also Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).  U.S. Bank is therefore a citizen of Ohio and Minnesota for purposes of diversity jurisdiction.

10.     While defendants Russell Stockman and Baxter & Schwartz, P.C. (collectively "the Substitute Trustees") are citizens of Texas, their citizenship is not relevant for purposes of assessing diversity because the complaint reveals that Plaintiffs' claims against the Substitute Trustees are based solely on their status as agents for Ocwen and because they have been fraudulently joined in this action.

11.     In the complaint, Plaintiffs allege that Russell Stockman and Baxter & Schwartz, P.C. acted as substitute trustees in connection with the foreclosure sale of Plaintiffs' home. (Compl. ¶ 8.) [1]

---

[1]      In a case involving similar claims against Ocwen filed and prosecuted by the same counsel, plaintiff included the foreclosure substitute trustees among the defendants. *Davis v. Ocwen Federal Bank FSB*, et al., No. 04-CV-1469 (District Court of Galveston County, Texas).  At trial, however, it became clear that the plaintiff did not actually intend to seek relief against the substitute trustees. (*See* Trial Transcript at 61 (attached at Exh. F) ("Mr. Hilliard ... just told you that my clients [the substitute trustees] did nothing in this case.  I'm not about to argue with that.")

NOTICE OF REMOVAL – Page 4

12.    "[I]t is commonly understood that attorneys are agents of their clients," *see Martin v. State*, 1999 Tex. App. LEXIS 1354 (Tex. App. Feb. 26, 1999), and foreclosure trustees are also regarded as agents. *See Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App. 1996).

13.    Plaintiffs acknowledge that the citizenship of persons sued in their capacity as agents for a disclosed principal is disregarded for purposes of assessing diversity of citizenship. (*See* Compl. ¶ 8.)  Courts have held that where both a principal and its agents are named as defendants, only the citizenship of the principal is considered in assessing diversity of citizenship. *See e.g., Associated Ins. Mgmt. Corp. v. Arkansas Gen. Agency*, 149 F.3d 794, 796 (8th Cir. 1998) (holding that for diversity purposes, "the citizenship of an agent ... must be ignored"); *Airlines Reporting Corp. v. S&N Travel*, 58 F.3d 857, 862 (2d Cir. 1995) (same); *Littleton v. American Bankers Life Ins. Co. of Florida*, 289 F. Supp. 2d 776, 781 (S.D. Miss. 2003) (to same effect); *Ross v. First Family Finance Serv., Inc.*, 2002 U.S. Dist. LEXIS, at *10-11 (N.D. Miss. Aug. 26, 2002) (same).

14.    In an effort to avoid diversity jurisdiction, Plaintiffs have attempted to obscure the status of the Texas substitute trustee defendants by alleging that they "are not sued solely in their capacity as agents of Ocwen, but, rather, are also sued in their individual, rather than representative, capacities as substitute trustees with regard to the wrongful foreclosure." (*See* Compl. ¶ 8.)  Yet, by definition, a trustee *is* an agent, holding property "in trust *for the benefit of another.*" Black's Law Dictionary (8th ed. 2004) (emphasis added).  Merely injecting the term "individual capacity" into the complaint does not eliminate the agency relationship that exists as a matter of law between the substitute trustee defendants and Ocwen.  Because the Substitute Trustee defendants are inescapably and by operation of law the agents of Ocwen, and have no

NOTICE OF REMOVAL – Page 5

other legal connection to Plaintiffs' mortgage loan whatever, the citizenship of the Substitute Trustee defendants is irrelevant for purposes of assessing diversity jurisdiction.

15. Removal is also proper on the independent ground that the Substitute Trustees are improperly joined and their citizenship should be disregarded for diversity purposes. Texas law provides that substitute trustees may not be proper parties in an action challenging the propriety of mortgage foreclosures. *See* Tex. Property Code Ann. § 51.007(a) (2005). Again, Plaintiffs have attempted to avoid diversity jurisdiction by alleging that the Substitute Trustees had an "independent duty ... to act with complete impartiality with regard to any foreclosure." (Compl. ¶ 8.) Plaintiffs argue that the existence of such a duty provides a basis for liability against the Substitute Trustees. (*Id.*) However, that contention is belied by Plaintiffs' complaint, which asserts no claim to which the duty of impartiality or breach thereof could be relevant. Because it is plain that the allegations relating to the Substitute Trustees asserted in Plaintiffs' complaint do not support a cause of action against them, the Substitute Trustees have been improperly joined and their citizenship must be disregarded. *Guillory v. PPG Indus.*, 434 F.3d 303, 308, 313 (5th Cir. 2005); *cf. Crockett v. R. J. Reynolds Tobacco Co.*, 2006 U.S. App. LEXIS 1390 *7-9 (5th Cir. Jan. 13, 2006).

16. There is complete diversity between the Plaintiffs and all relevant defendants in this matter. Plaintiffs are citizens of Texas. Ocwen is a citizen of Florida and U.S. Bank is a citizen of Minnesota and Ohio. Because the citizenship of Russell Stockman and Baxter & Schwartz, P.C. must be disregarded for jurisdictional purposes, there is complete diversity among the relevant parties. *See* 28 U.S.C. § 1332(a)(1).

Case 4:07-cv-00493-RAS   Document 1   Filed 10/24/2007   Page 7 of 14

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

17.    Plaintiffs' complaint also meets the $75,000 amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

18.    In the complaint, Plaintiffs assert nine causes of action against the defendants, including intentional tort claims for intentional infliction of emotional distress and violations of Texas debt collection laws. (*See* Compl. Counts A-I.) They contend, among other things, that Ocwen wrongfully instituted foreclosure proceedings against them; demanded more than was actually due to avoid foreclosure; failed to accept payments and pretended that lack of payment was a default; and harassed them concerning payment of sums they did not owe. (*See* Compl. ¶¶ 21, 24, 31.) For these alleged wrongs (which Ocwen emphatically denies), Plaintiffs seek an unlimited amount of compensatory and punitive damages.

19.    Where, as here, a plaintiff seeks recovery of an indeterminate amount, diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003) (quoting *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). This burden may be met if "it is facially apparent" from the complaint that the plaintiff's claims "are likely" to exceed $75,000, exclusive of interest and costs. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The determination of whether jurisdiction is "facially apparent" is "left in part to the court's intuition and common sense." *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593, 595 (E.D. Tex. 1996). Where jurisdiction is not "facially apparent," the removing defendant may use "summary judgment-type evidence" to establish that the amount in controversy exceeds $75,000. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). Jury verdicts in similar cases constitute competent evidence that the jurisdictional amount

requirement has been met. *See, e.g., Amos v. Citifinancial, Inc.*, 243 F. Supp. 2d 587, 590-91

(N.D. Miss. 2003) (denying motion to remand and noting that "cases involving consumer loan

disputes in Mississippi have resulted in jury verdicts for punitive damages in the millions").

    20.    While Plaintiffs' complaint does not specify an amount of requested damages, it

nonetheless is facially apparent that the damages claimed exceed the $75,000 jurisdictional

threshold. In a case involving similar claims against Ocwen recently tried to verdict, the total

jury award (even after application of statutory damages caps) exceeded $1 million. *See Davis v.*

*Ocwen Federal Bank FSB*, et al., No. 04-CV-1469 (District Court of Galveston County, Texas).

For jurisdictional purposes, the amount in controversy includes punitive damages. *See St. Paul*

*Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 n.7 (5th Cir. 1998). Other jury verdicts in

Texas relating to consumer loan disputes have resulted in punitive damages awards far exceeding

the jurisdictional minimum. *See, e.g., Garcia v. W.M.C. Mortgage Co.*, No. 2000-CI-90121,

73rd District of Bexar County, Texas (jury awarded $460,000 in punitive damages for violations

of the Deceptive Trade Practices Act and the Truth in Lending Act relating to plaintiff's home

mortgage loan); *Home Loan Corp. v. Thompson*, No. 2001-46491, 215th Judicial District, Harris

County, Texas (jury awarded $550,000 in punitive damages for fraud and contract claims

relating to plaintiff's home mortgage loan); *Moreno v. Kleberg First National Bank of*

*Kingsville*, 105th District of Kleberg County, Texas (jury verdict included $2 million in punitive

damages against bank for fraud claims and threats of foreclosure relating to plaintiff's home

mortgage loan); *Brown v. Spencer Mortgage & Investments*, No. DV-99-02185-C, 68th Judicial

District of Dallas County, Texas (bench trial award of $343,332 for mental anguish for fraud

claims relating to refinance and wrongful foreclosure of plaintiff's home). Ocwen categorically

denies that Plaintiffs are entitled to an award of damages in any amount whatever, but there can

be no question that Plaintiffs' complaint places an amount in controversy that significantly exceeds $75,000.

21.     In addition to damages, Plaintiffs claim a statutory entitlement to attorneys' fees. (Compl. ¶ 45.)  Attorneys' fees claimed under a statutory provision are included as part of the amount in controversy.  *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933)).  In Plaintiffs' counsel's recent similar case against Ocwen, counsel argued for an award of attorney's fees totaling $2,760,525, and the jury returned a verdict that included attorneys' fees in the hundreds of thousands of dollars. *Davis v. Ocwen Federal Bank FSB*, et al., No. 04-CV-1469 (District Court of Galveston County, Texas).   Similar cases have awarded attorneys' fees exceeding the jurisdictional minimum.  *See, e.g., Moreno v. Kleberg First National Bank of Kingsville*, 105th District of Kleberg County, Texas (jury verdict included $570,000 in attorneys' fees against bank for fraud claims and threats of foreclosure relating to plaintiff's home mortgage loan).   Given the complexity of Plaintiffs' allegations, the likelihood of significant motion practice (including motions to dismiss, summary judgment motions, and others), and the presence of multiple defendants, Plaintiffs' attorneys' fee claim alone places in controversy an amount that exceeds $75,000. For this independent reason, it is facially apparent from the complaint that Plaintiffs' claims exceed the jurisdictional threshold.

## FEDERAL QUESTION JURISDICTION

22.     Federal question jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1331 because Plaintiffs assert claims the resolution of which will necessitate adjudication of substantial, disputed questions of federal law.

NOTICE OF REMOVAL – Page 9

Case 4:07-cv-00493-RAS Document 16-5 Filed 12/26/2007 Page 28 of 61

23.     Even where a particular claim does not arise directly under federal law and is not completely preempted, it is removable to federal court if it depends on the resolution of substantial predicate questions of federal law. *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363, 2367 (2005). Federal question jurisdiction exists because Plaintiffs' claims depend on the determination of Plaintiffs' rights and Defendants' duties, if any, under federal law.

24.     Plaintiffs allege that the Ocwen defendants "fail[ed] to provide Plaintiffs timely and clear information about the timing and amount of payments owed." (Compl. ¶ 21(b).) The duty of creditors to disclose the "number, amount, and due dates or period of payments scheduled to repay the total of payments" is created by the federal Truth-in-Lending Act ("TILA"). *See* 15 U.S.C. § 1638(a). Plaintiffs' claim that this duty was breached thus depends on the existence, scope, and breach of the defendants' duty, if any, under TILA. *See Gandy v. The Peoples Bank and Trust Co.*, 1998 U.S. Dist. LEXIS 11410, at *11 (S.D. Miss. 1998) (denying remand because "to vindicate plaintiff's putative state law claims, this court must necessarily construe the TILA"); *see also In re Ocwen Federal Bank Mort. Serv. Litig*, 1:02cv06818, slip op. at 2 (N.D. Ill. Aug 22, 2005) (denying remand because allegations that Ocwen failed to disclose fees raised substantial federal question regarding the scope of its disclosure duties under TILA).

25.     In the complaint, Plaintiffs allege that Ocwen "demand[ed] more than is actually due to avoid foreclosure." (Compl. ¶ 21(g).) The duty not to falsely represent the "the character, amount, or legal status of any debt" is created by the federal Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. § 1692e(2). Plaintiffs' claim that this duty was breached thus depends on the existence, scope, and breach of defendants' duties, if any, under FDCPA.

26.   Plaintiffs allege that Ocwen failed to "verify the debt on the request of Plaintiffs," provided "inconsistent accounting information on the amount of the debt," and "generally fail[ed] to cooperate in allowing Plaintiffs to refinance or sell their home." (Compl. ¶ 33.) The federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, creates a "[d]uty of [a] loan servicer to respond to borrower inquiries." 12 U.S.C. § 2605(e). Under RESPA, after receipt of a borrower's inquiry, the loan servicer is required to provide a written explanation or clarification of the information requested. *See id.* Plaintiffs' claim that this duty was breached thus depends on the existence, scope, and breach of defendants' duties, if any, under RESPA.

27.   In these and other respects, the claims asserted in Plaintiffs' complaint necessitate the resolution of substantial, disputed questions of federal law sufficient to confer federal subject-matter jurisdiction on this Court.

28.   Plaintiffs' putative disclaimer of "rights and causes of action under any federal law" cannot affect the removability of this action because, as federal courts have consistently held, even causes of action pled entirely under state law are removable if the right to relief under state law will necessarily involve the resolution of a substantial question of federal law. *E.g. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (finding jurisdiction under substantial federal question doctrine based on "commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law").

## VENUE

29.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the District Court of Collin County, Texas, the forum in which the removed action was pending.

## NOTICE

30.     Concurrently with the filing of this Notice, Ocwen will file a copy of this Notice of Removal in Cause No. 416-3011-07 in the 416th Judicial District Court of Collin County, Texas.

31.     The contents of Exhibit B constitute the entire file of Cause No. 416-3011-07 in the 416th Judicial District Court of Collin County, Texas.

Respectfully submitted,

By: _Mark D. Cronenwett_ w/perm.
                                        by us

MARK D. CRONENWETT
Texas Bar No. 00787303
Lead Attorney
Admitted in the Eastern District

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 4000
Dallas, TX 75202
(214) 672-2151
(214) 672-2351 (Fax)

LINDSAY L. STANSBERRY
Texas Bar No. 24041968
Admitted in the Eastern District

**COWLES & THOMPSON, P.C.**
1202 First Place
Tyler, TX 75702
(903) 596-9000
(903) 596-9005 (Fax)

ATTORNEYS FOR DEFENDANTS
OCWEN LOAN SERVICING, LLC, SUCCESSOR
IN INTEREST TO OCWEN FEDERAL BANK
FSB, AND U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Notice of Removal was served by certified mail, return receipt requested, on this the 22 day of October, 2007 on the following:

William H. Oliver, Esq.
Pipkin, Oliver & Bradley, L.L.P.
1020 Northeast Loop 410, Suite 810
San Antonio, Texas 78209

Robert C. Hilliard, Esq.
Hilliard & Munoz, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401

Edward M. Carstarphen, Esq.
Ellis, Carstarphen, Dougherty & Coldenthal, P.C.
5847 San Felipe, Suite 1900
Houston, Texas 77057

Don Schwartz
SCHWARTZ & KALINOWSKI, LLP
1821 Mons Avenue
Rosenberg, TX 77471


_____
LINDSAY L. STANSBERRY

NOTICE OF REMOVAL – Page 14

# TAB 2

CAUSE NO. 07-1602-CV

| | | |
|---|---|---|
| JAMES HALLMARK and<br>JUDY HALLMARK,<br>    Plaintiffs, | §<br>§<br>§ | IN THE DISTRICT COURT |
| | § | |
| v. | §<br>§ | |
| | § | |
| OCWEN LOAN SERVICING, LLC, AS<br>SUCCESSOR BY MERGER WITH<br>OCWEN FEDERAL BANK, FSB,<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, AS TRUSTEE FOR THE<br>REGISTERED HOLDERS OF THE<br>RESIDENTIAL MORTGAGE LOAN<br>TRUST 98-1 CERTIFICATES,<br>UNKNOWN HOLDERS AND/OR<br>OWNERS OF RESIDUAL INTEREST IN<br>SECURITIZATION OF THE<br>RESIDENTIAL MORTGAGE LOAN<br>TRUST 98-1 CERTIFICATES,<br>ROSAMUNDA FINDEISEN,<br>SUBSTITUTE TRUSTEE, and BAXTER<br>& SCHWARTZ, P.C.,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | OF GUADALUPE COUNTY, TEXAS<br><br><br>F I L E D<br>3:00 PM<br><br>SEP 0 4 2007<br><br>DEBRA CROW<br>Clerk, Dist. Court, Guadalupe Co. Tx.<br>By_____Deputy<br><br>25th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND
## REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, James Hallmark and Judy Hallmark (herein referred to as "Plaintiffs"),

Plaintiffs herein, and file this, their Original Petition complaining of OCWEN LOAN SERVICING,

LLC, AS SUCCESSOR BY MERGER WITH OCWEN FEDERAL BANK, FSB, DEUTSCHE

BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE REGISTERED HOLDERS OF

THE RESIDENTIAL MORTGAGE LOAN TRUST 98-1 CERTIFICATES, UNKNOWN

HOLDERS AND/OR OWNERS OF RESIDUAL INTEREST IN SECURITIZATION OF THE

RESIDENTIAL MORTGAGE LOAN TRUST 98-1 CERTIFICATES, ROSAMUNDA

FINDEISEN, SUBSTITUTE TRUSTEE, and BAXTER & SCHWARTZ, P.C. (hereinafter collectively referred to as "Defendants") and would show the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1. The nature of this cause is such that discovery should be conducted under Discovery Control Plan – Level 2, pursuant to Tex.R.Civ.P. 190.2.

## II.
## PARTIES

2. Plaintiffs James Hallmark and Judy Hallmark are individuals who reside in Guadalupe County, Texas.

3. Defendant OCWEN LOAN SERVICING, LLC, AS SUCCESSOR BY MERGER WITH OCWEN FEDERAL BANK, FSB, (Ocwen Loan Servicing, LLC, as Successor by Merger with Ocwen Federal Bank, FSB, is referred to herein as "Ocwen") is, upon information and belief, a Delaware limited liability company. Ocwen Loan Servicing, LLC's principal place of business is located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409. Ocwen Loan Servicing, LLC may be served with process in this lawsuit by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

4. Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE RESIDENTIAL MORTGAGE LOAN TRUST 98-1 CERTIFICATES ("Deutsche Bank"), is a foreign corporate fiduciary, with its principal place of business located at 60 Wall Street, New York, NY, 10005. It may be served with process in this lawsuit by serving its registered agent, CT Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

5. Defendants UNKNOWN HOLDERS AND/OR OWNERS OF RESIDUAL INTEREST IN SECURITIZATION OF THE RESIDENTIAL MORTGAGE LOAN TRUST 98-1 CERTIFICATES ("Unknown Holders") are, upon information and belief, those individuals and/or entities that own or hold the residual interest in the securitization of the mortgage loans that include the mortgage loan of Plaintiffs. The current identity and location of these individuals and/or entities are presently unknown; however, Plaintiffs expect this information to be disclosed during discovery.

6. Defendant ROSAMUNDA FINDEISEN is, upon information and belief, a Texas resident who may be served with citation in this action by serving her at her place of employment, Baxter & Schwartz, P.C., 5450 NW Central, Suite 307, Houston, Texas 77092, or wherever else she may be found.

7. Defendant BAXTER & SCHWARTZ, P.C. is a law firm and professional corporation duly existing under the laws of the State of Texas, with its principal place of business located at 5450 NW Central, Suite 307, Houston, Texas 77092. Defendant Baxter & Schwartz, P.C. can be served with citation by serving its registered agent and president, Christopher K. Baxter, at 5450 NW Central, Suite 307, Houston, Texas 77092.

### III.
### No Diversity Jurisdiction

8. Defendants Rosamunda Findeisen and Baxter & Schwartz, P.C. are not sued solely in their capacity as agents of Ocwen, but, rather, are also sued in their individual, rather than representative, capacities as substitute trustees with regard to the wrongful foreclosure of Plaintiffs' home. Because of the independent duty of substitute trustees to act with complete impartiality with regard to any foreclosure, any claims against such Defendants provide an independent basis of liability against them that is separate and distinct from any liability arising from their status as agents

of Ocwen. The Texas residence of these independently culpable substitute trustee Defendants therefore precludes any attempted removal of this case to federal court based upon alleged diversity jurisdiction.

### No Federal Subject Matter Jurisdiction

9.    Plaintiffs expressly disclaim any rights and causes of action under any federal law, choosing instead to base all claims and causes of action entirely on the common law and statutes of the State of Texas.

### No Claims Related to Claims in Multi-District Litigation; No Class Actions

10.    Plaintiffs do not assert that any fees, charges, insurance placements, notices, or forbearance agreements are, in and of themselves, illegal. Plaintiffs' suit does not seek to alter or supplement the federal regulatory scheme applicable to Defendants. Instead, Plaintiffs claim that, with regard to them, Defendants acted with wrongful and evil intent to accomplish a wrongful foreclosure. The claims in this suit are therefore based only on the common law and statutes of the State of Texas as applied to the facts of this particular Plaintiffs' case.

### Jurisdiction and Venue

11.    This Court has jurisdiction over Defendants Ocwen and Deutsche Bank by virtue of the fact that they own property in the State of Texas, and/or do business in the State of Texas, including owning and servicing of loans, which necessarily involves contracting with Texas residents by mail or otherwise when at least one of the parties is to perform the contract in Texas. Further, Ocwen and Deutsche Bank have committed the torts as set forth herein below in whole or in part in Texas.

12.    Defendant Rosamunda Findeisen is a resident of the State of Texas and, therefore, subject to personal jurisdiction. Defendant Baxter & Schwartz, P.C. is a law firm existing under the

laws of the State of Texas, with its headquarters in Texas and does business in Texas, and is therefore subject to personal jurisdiction.

13.     Venue is mandatory in Guadalupe County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code § 15.011 as the suit involves recovery of real property and removal of encumbrances on real property located in Guadalupe County, Texas. Venue is proper pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(1), as Guadalupe County, Texas, is where all or a substantial part of the events or omissions occurred, including the attempted wrongful foreclosure described below. Venue is also proper as to all of the Defendants under Tex. Civ. Prac. & Rem. Code § 15.005, as the claims or actions against each of them arose out of the same transaction or occurrence, or series of transactions or occurrences.

### The Discovery Rule, Fraudulent Concealment, and Continuous Tort

14.     Plaintiffs plead the discovery rule specifically in response to, and as an affirmative defense to, any such pleas of statute of limitations as may be made. Plaintiffs allege and assert that they neither discovered, nor through reasonable diligence should have discovered, the claims or facts underlying their claims within any applicable limitations period, if any.

15.     In addition, Plaintiffs plead the affirmative defenses of fraudulent concealment and continuous tort to any such pleas of statute of limitations as may be made. Defendants' fraudulent concealment and continuous torts defer the accrual period, if any, of Plaintiffs' causes of action.

### IV.
### Statement of Facts

16.-  Ocwen is in the business of servicing mortgages and loans, which in general includes collecting mortgage and loan payments on behalf of mortgage and loan holders. In reality, however, Ocwen's intent is to wrongfully place mortgages and loans into default so that the properties which

---

secure those mortgages and loans can be wrongfully foreclosed. Ocwen's practices include paying financial incentives to its staff of loan collectors for moving properties with equity into foreclosure. Ocwen also fails to give borrowers credit for payments as and when they are made. Plaintiffs have been the victim of Ocwen's wrongful conduct.

17.     Plaintiffs' home at 10171 FM 466, Seguin, Guadalupe County, Texas 78155 (the "Property") was wrongfully foreclosed upon by Defendants without just, legal or equitable cause. Defendants' conduct with regard to the wrongful foreclosure of Plaintiffs' home was extreme and outrageous, and a violation of the following statutes and/or constitutes a basis for the following claims.

18.     Defendants Rosamunda Findeisen and Baxter & Schwartz, P.C., acted as Substitute Trustees in connection with the wrongful foreclosure of Plaintiffs' home and, in doing so, breached the independent duty of substitute trustees to act with complete impartiality with regard to a foreclosure.

19.     Deutsche Bank purchased Plaintiffs' home at the foreclosure sale for grossly less than its market value, thereby depriving Plaintiffs of the equity that they had built in their home. Upon information and belief, Deutsche Bank and Unknown Holders reaped the equity wrongfully taken from Plaintiffs.

## V.
## Causes of Action

### A.     Wrongful Foreclosure and Declaratory Action

20.     Plaintiffs re-allege each of the allegations in paragraphs 1 through 19.

21.     Defendants committed a wrongful foreclosure by virtue of one or more of the following wrongful acts:

(a)    failing to accept payments and pretending that a lack of payment was a default;

(b)    failing to provide Plaintiffs timely and clear information about the timing and amount of payments owed;

(c)    misapplying payments received;

(d)    failing to comply with contractual and/or statutory notice provisions regarding foreclosure;

(e)    continuing with efforts to foreclose and evict Plaintiffs despite the fact that Plaintiffs had been wrongfully prevented from curing the claimed defaults;

(f)    continuing efforts to foreclose and evict Plaintiffs despite the fact that Plaintiffs had attempted to refinance and pay off the debt but had been prevented from refinancing and paying off the claimed debt; and

(g)    demanding more than is actually due to avoid foreclosure.

22.    There is no legal or rightful basis for these acts of Defendants in connection with the wrongful foreclosure of Plaintiffs' home. In addition to actual and punitive damages, Plaintiffs seek a declaratory judgment that the foreclosure was wrongful, of no effect and void and that the property properly and legally lies with Plaintiffs.

**B.    <u>Breach of Contract</u>**

23.    Plaintiffs re-allege each of the allegations of paragraphs 1 through 22.

24.    Defendants have committed a breach of contract by virtue of one or more of the following actions:

(a)    failing to accept payments and pretending that a lack of payment was a default;

(b)    failing to provide Plaintiffs timely and clear information about the timing and amount of payments owed;

(c)    misapplying payments received;

---

**PLAINTIFFS' ORIGINAL PETITION AND**
**REQUEST FOR DISCLOSURE**                         **PAGE 7**

(d) failing to comply with contractual and/or statutory notice provisions regarding foreclosure;

(e) continuing with efforts to foreclose and evict Plaintiffs despite the fact that Plaintiffs had cured the claimed defaults, and/or been wrongfully prevented from curing the claimed defaults;

(f) continuing efforts to foreclose and evict Plaintiffs despite the fact that Plaintiffs had attempted to refinance and pay off the debt but had been prevented from refinancing and paying off the claimed debt; and

(g) demanding more than is actually due to avoid foreclosure.

25. Plaintiffs seek actual damages, interest, and attorneys' fees caused by the breach of contract alleged herein.

### C. Negligence and Gross Negligence

26. Plaintiffs re-allege each of the allegations in paragraphs 1 through 25.

27. Ocwen owed a duty of care to Plaintiffs to adequately train and supervise its staff of loan collectors and servicing agents in the proper and legal servicing of mortgages, such as the mortgage owed by Plaintiffs. Ocwen breached its duty to Plaintiffs by (1) failing to adequately train and/or supervise its staff of loan collectors and servicing agents in the servicing of Plaintiffs' mortgage by allowing the wrongful foreclosure of Plaintiffs' home, and (2) providing financial incentives to those collectors and agents for moving properties, including Plaintiffs' home, into foreclosure.

28. Ocwen's negligence has proximately caused harm to Plaintiffs' credit and actual damages for which Plaintiffs seek recovery.

29. In addition, Ocwen's conduct and neglect was in such complete disregard for Plaintiffs' credit history and rights in their property as to amount to malice and gross negligence for which Plaintiffs seek to recover punitive damages.

---

**PLAINTIFFS' ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE**                                                              **PAGE 8**

### D. Intentional Infliction of Emotional Distress

30. Plaintiffs re-allege each of the allegations in paragraphs 1 through 29.

31. Ocwen's intentional and/or reckless actions reflect its sinister desire to confuse and, if necessary, intimidate Plaintiffs in an effort to cause the wrongful foreclosure of Plaintiffs' home, and for Plaintiffs ultimately to lose their home. Ocwen's actions have been and continue to be extreme and outrageous, with a complete disregard for Plaintiffs' rights, and have been carried out with the knowledge and sinister desire to sell Plaintiffs' home covertly through a wrongful and illegal foreclosure. Ocwen's actions have caused severe emotional distress to Plaintiffs, including embarrassment, fear, humiliation, and unnecessary and excessive worry.

### E. Unreasonable Debt Collection Practices Under Texas Common Law

32. Plaintiffs re-allege the allegations of paragraphs 1 through 31.

33. The actions of Ocwen in failing properly to account for Plaintiffs' payments, failing to verify the debt on the request of Plaintiffs, failing to honor the forbearance agreement, posting for foreclosure when Plaintiffs were trying to pay off the debt, preventing Plaintiffs from curing the claimed default, giving inconsistent accounting information on the amount of the debt, and generally failing to cooperate in allowing Plaintiffs to refinance or sell their home, and therefore pay off their mortgage loan, constitute unreasonable debt collection practices under the common law of the State of Texas. Further, Plaintiffs have suffered the emotional stress that naturally flows from a situation where a mortgage servicing company steps out of its role of servicing and tries to take a home wrongfully.

### F. Violations of the Texas Debt Collection Practices Act

34. Plaintiffs re-allege the allegations of paragraphs 1 through 33.

35. Ocwen is a debt collector for purposes of the Texas Debt Collection Practices Act

("TDCPA"). Its conduct violates the TDCPA. Its violation of the TDCPA entitles Plaintiff to actual

damages and attorneys' fees under TDCPA §392.403.

### G. Breach of Fiduciary Duty

36.     Plaintiffs re-allege each of the allegations in paragraphs 1 through 35.

37.     Ocwen, as a servicing agent, stands in a fiduciary capacity with respect to Plaintiffs'

monthly payments and credits on Plaintiffs' mortgage, escrow account, loan, insurance premiums

and other related obligations. Ocwen has breached this duty for the numerous reasons stated above.

Ocwen's conduct has caused Plaintiffs' damages for which Plaintiffs seek to recover damages.

### H. Request for Declaratory Judgment

38.     Plaintiffs re-allege each of the allegations in paragraphs 1 through 37.

39.     Plaintiffs request a declaration as to the true amount, if any, owed by Plaintiffs to

Deutsche Bank, Ocwen, or any other party, in connection with any note or deed of trust executed by

Plaintiffs for the purchase of their home, and a declaration as to the amount Deutsche Bank, Ocwen,

or any other party should be required to reimburse, refund, or credit Plaintiffs for fees and expenses

wrongfully charged to Plaintiffs' mortgage.

### I. Defamation

40.     Plaintiffs re-allege each of the allegations in paragraphs 1 through 39.

41.     Ocwen published statements of alleged fact concerning Plaintiffs, which were

defamatory and false. Ocwen published such defamatory and false statements with actual malice,

negligence, or without regard to fault. Plaintiffs suffered pecuniary injury as a result.

### J. Punitive Damages

42.     Plaintiffs re-allege each of the allegations in paragraphs 1 through 41.

43.     The harm to Plaintiffs was the result of Defendants' conduct, which was fraudulent, malicious, intentional, or, at a minimum, grossly negligent. For this, as well as Defendants' extreme and outrageous conduct, and misconduct with respect to fiduciary property, Plaintiffs seek to recover punitive damages from Defendants in excess of any statutory limit. In support for exceeding any applicable limits, Plaintiffs will show that Defendants' acts constitute one or more felonies as set forth in Texas Civil Practice & Remedies Code § 41.008. All of these violations of the penal code were done knowingly and intentionally by Defendants to take advantage of Plaintiffs and enrich Defendants.

### K.    Attorneys' Fees

44.     Plaintiffs re-allege the allegations of paragraphs 1 through 43.

45.     Plaintiffs have been required to employ counsel to represent their interests as a direct result of Defendants' wrongful conduct. Plaintiffs employed the undersigned attorneys and Plaintiffs are obligated to pay, and seek the recovery of, the attorneys' reasonable fees for the services rendered on Plaintiffs' behalf. Plaintiffs have made demand on Defendants to cease this conduct, but to no avail.

### L.    Conditions Precedent

46.     Plaintiffs re-allege the allegations of paragraphs 1 through 45.

47.     All conditions precedent to recover on each of the causes of action alleged have occurred.

### M.    Demand for Jury Trial

48.     Plaintiffs hereby demand a jury trial and tender the requisite fee.

## VI.
### Request for Disclosure

49.     Defendants are requested to disclose within fifty (50) days of this request the

information or material described in Texas Rule of Civil Procedure 194.2(a) through (l). Pursuant to

Rule 194.3, Defendants are required to serve a written response upon the requesting party within fifty

(50) days after the service of the request.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to

appear and answer, and further prays as follows:

1.      Judgment against Defendants, jointly and severally, for actual damages sustained by
        Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court;

2.      Judgment against Defendants, jointly and severally, for cancellation of the
        indebtedness described hereinabove;

3.      Judgment against Defendants, jointly and severally, for punitive damages in an
        amount to be determined by the trier of fact;

4.      A declaration as to the true amount, if any, owed by Plaintiffs to Deutsche Bank,
        Ocwen, or any other party or non-party in connection with any note or deed of trust
        executed by Plaintiffs for the purchase of the Property;

5.      Judgment for Plaintiffs to recover reasonable and necessary attorneys' fees for
        bringing this case to trial and judgment, as well as a conditional award in the event of
        an appeal;

6.      Judgment for both pre-judgment interest and post-judgment interest on all actual,
        special, and punitive damages and attorneys fees at the maximum interest rate
        allowed by law;

7.    Judgment for costs of Court; and

8.    Judgment for such other and further relief to which Plaintiffs may be otherwise

entitled.

Respectfully submitted,

**PIPKIN, OLIVER & BRADLEY, L.L.P.**

By: _____

William H. Oliver
State Bar No. 15265200
1020 Northeast Loop 410, Suite 810
San Antonio, Texas 78209
(210) 820-0082
(210) 820-0077 (facsimile)

**ELLIS, CARSTARPHEN, DOUGHERTY &
GOLDENTHAL P.C.**

Edward M. Carstarphen
State Bar No. 03906700
5847 San Felipe, Suite 1900
Houston, Texas 77057
(713) 647-6800
(713) 647-6884 (facsimile)

**HILLIARD & MUNOZ, L.L.P.**

Robert C. Hilliard
State Bar No. 09677700
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, TX 78401
(361) 882-1612
(361) 882-3015 (facsimile)

**ATTORNEYS FOR PLAINTIFFS**

RECEIVED

OCT 2 4 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAMES HALLMARK and )
JUDY HALLMARK, )
 )
        Plaintiffs, )
 )
v. )          Civil Action No.
 )
OCWEN LOAN SERVICING, LLC, AS )   SA07CA0868 OG
SUCCESSOR BY MERGER WITH )
OCWEN FEDERAL BANK, FSB, )
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE FOR THE )
REGISTERED HOLDERS OF THE )
RESIDENTIAL MORTGAGE LOAN )
TRUST 98-1 CERTIFICATES, )
UNKNOWN HOLDERS AND/OR )
OWNERS OF RESIDUAL INTEREST IN )
SECURITIZATION OF THE )
RESIDENTIAL MORTGAGE LOAN )
TRUST 98-1 CERTIFICATES, )
ROSAMUNDA FINDIESEN, )
SUBSTITUTE TRUSTEE, and )
BAXTER & SCHWARTZ, P.C., )
 )
        Defendants. )

## NOTICE OF REMOVAL

Defendants Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank

FSB, ("Ocwen"), and Deutsche Bank National Trust Company f/k/a Bankers Trust Company, as

Trustee for the Registered Holders of the Residential Mortgage Loan Trust 98-1 Certificates

("Deutsche Bank") respectfully notify the Court pursuant to 28 U.S.C. § 1441 that they have this

day removed this action from the 25th Judicial District Court of Guadalupe County, Texas, to

this Court. In support of their removal, Ocwen and Deutsche Bank submit this notice. Removal

is based on the grounds that diversity jurisdiction exists over this action because there is

NOTICE OF REMOVAL – Page 1

complete diversity between Plaintiffs and all relevant defendants and the amount in controversy exceeds $75,000. Removal is also based on the grounds that federal question jurisdiction exists over this action because it involves claims that necessitate the resolution of substantial, disputed questions of federal law.

## BACKGROUND

1.     This action was originally filed as Cause No. 07-1602-cv in the 25th Judicial District Court of Guadalupe County, Texas on September 4, 2007. A certified copy of the Docket Sheet from Cause No. 07-1602-cv in the 25th Judicial District Court of Guadalupe County, Texas is attached hereto as Exhibit A. True and correct copies of all pleadings filed in the state court are attached hereto as Exhibits B-1 through B-3.

2.     Ocwen was served on October 2, 2007. Baxter & Schwartz, P.C. was served on October 1, 2007. Rosamunda Findeisen has not been served, but answered on October 18, 2007. Deutsche Bank has not yet been served. This removal is therefore timely because it has been filed within 30 days of service as required by 28 U.S.C. § 1446(b).

3.     All defendants that have been served consent to removal of this action to federal court. (*See* Baxter & Schwartz, P.C. Notice of Citizenship and Consent to Removal (attached at Exh. C and Rosamunda Findeisen Consent to Removal attached at Exh. D.)

4.     Plaintiffs' complaint alleges a variety of claims relating to Ocwen's servicing of and eventual foreclosure on Plaintiffs' mortgage loans. (*See, e.g.*, Compl. ¶¶ 16-19.) This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been filed originally in this Court pursuant to the diversity jurisdiction conferred by 28 U.S.C. § 1332 and the federal question jurisdiction conferred by 28 U.S.C. § 1331. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

<u>DIVERSITY JURISDICTION</u>

5.     Federal diversity jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1332 because all relevant parties are diverse and the amount in controversy exceeds $75,000.

## THERE IS COMPLETE DIVERSITY AMONG ALL PARTIES

6.     There is diversity of citizenship among all relevant parties.  Plaintiffs James Hallmark and Judy Hallmark are citizens of Texas. (*See* Compl. ¶ 2.)

7.     Ocwen is a citizen of Florida.  As of June 30, 2005, Ocwen Federal Bank FSB voluntarily dissolved, and its mortgage servicing business was transferred to Ocwen Loan Servicing, LLC.  (*See* Declaration of Chomie Neil ("Neil Decl.") ¶ 2 (attached at Exh. D).) Ocwen Loan Servicing, LLC is a limited liability company.  For diversity purposes, "several district courts within the Fifth Circuit have determined the citizenship of a limited liability company by looking to the citizenship of its members." *Blanchard v. Wal-Mart Stores Tex., L.P.* 368 F. Supp. 2d 621, 625 (E.D. Tex. 2005) (explaining that the majority of federal appellate courts determine citizenship of limited liability companies in the same manner); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC,* 374 F.3d 1020, 1022 (11th Cir. 2004).  The sole member of Ocwen Loan Servicing, LLC is Ocwen Financial Corporation, which is a citizen of Florida. (*See* Neil Decl. ¶ 3.)

8.     Deutsche Bank is a national banking association incorporated under the laws of the United States. Deutsche Bank's principal place of business, as designated in its articles of association, is located in California.  National banking associations are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. "[T]he definition of 'located' is limited to the national bank's principal place of business and the state listed in its organization

certificate and its articles of association." *Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004); *see also Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). Deutsche Bank is therefore a citizen of California for purposes of diversity jurisdiction.

9.    While defendants Rosamunda Findeisen and Baxter & Schwartz, P.C. (collectively "the Substitute Trustees") are citizens of Texas, their citizenship is not relevant for purposes of assessing diversity because the complaint reveals that Plaintiffs' claims against the Substitute Trustees are based solely on their status as agents for Ocwen and because they have been fraudulently joined in this action.

10.   In the complaint, Plaintiffs allege that Rosamunda Findeisen and Baxter & Schwartz, P.C. acted as substitute trustees in connection with the foreclosure sale of Plaintiffs' home. (Compl. ¶ 8.) [1]

11.   "[I]t is commonly understood that attorneys are agents of their clients," *see Martin v. State*, 1999 Tex. App. LEXIS 1354 (Tex. App. Feb. 26, 1999), and foreclosure trustees are also regarded as agents. *See Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App. 1996).

12.   Plaintiffs acknowledge that the citizenship of persons sued in their capacity as agents for a disclosed principal is disregarded for purposes of assessing diversity of citizenship. (*See* Compl. ¶ 8.) Courts have held that where both a principal and its agents are named as defendants, only the citizenship of the principal is considered in assessing diversity of citizenship. *See e.g., Associated Ins. Mgmt. Corp. v. Arkansas Gen. Agency*, 149 F.3d 794, 796 (8th Cir. 1998) (holding that for diversity purposes, "the citizenship of an agent ... must be

---

[1]    In a case involving similar claims against Ocwen filed and prosecuted by the same counsel, plaintiff included the foreclosure substitute trustees among the defendants. *Davis v. Ocwen Federal Bank FSB*, et al., No. 04-CV-1469 (District Court of Galveston County, Texas). At trial, however, it became clear that the plaintiff did not actually intend to seek relief against the substitute trustees. (*See* Trial Transcript at 61 (attached at Exh. E) ("Mr. Hilliard ... just told you that my clients [the substitute trustees] did nothing in this case. I'm not about to argue with that.")

NOTICE OF REMOVAL – Page 4

ignored"); *Airlines Reporting Corp. v. S&N Travel*, 58 F.3d 857, 862 (2d Cir. 1995) (same); *Littleton v. American Bankers Life Ins. Co. of Florida*, 289 F. Supp. 2d 776, 781 (S.D. Miss. 2003) (to same effect); *Ross v. First Family Finance Serv., Inc.*, 2002 U.S. Dist. LEXIS, at *10-11 (N.D. Miss. Aug. 26, 2002) (same).

13.     In an effort to avoid diversity jurisdiction, Plaintiffs have attempted to obscure the status of the Texas substitute trustee defendants by alleging that they "are not sued solely in their capacity as agents of Ocwen, but, rather, are also sued in their individual, rather than representative, capacities as substitute trustees with regard to the wrongful foreclosure." (*See* Compl. ¶ 8.) Yet, by definition, a trustee *is* an agent, holding property "in trust *for the benefit of another.*" Black's Law Dictionary (8th ed. 2004) (emphasis added). Merely injecting the term "individual capacity" into the complaint does not eliminate the agency relationship that exists as a matter of law between the substitute trustee defendants and Ocwen. Because the Substitute Trustee defendants are inescapably and by operation of law the agents of Ocwen, and have no other legal connection to Plaintiffs' mortgage loan whatever, the citizenship of the Substitute Trustee defendants is irrelevant for purposes of assessing diversity jurisdiction.

14.     Removal is also proper on the independent ground that the Substitute Trustees are improperly joined and their citizenship should be disregarded for diversity purposes. Texas law provides that substitute trustees may not be proper parties in an action challenging the propriety of mortgage foreclosures. *See* Tex. Property Code Ann. § 51.007(a) (2005). Again, Plaintiffs have attempted to avoid diversity jurisdiction by alleging that the Substitute Trustees had an "independent duty ... to act with complete impartiality with regard to any foreclosure." (Compl. ¶ 8.) Plaintiffs argue that the existence of such a duty provides a basis for liability against the Substitute Trustees. (*Id.*) However, that contention is belied by Plaintiffs' complaint, which

asserts no claim to which the duty of impartiality or breach thereof could be relevant. Because it is plain that the allegations relating to the Substitute Trustees asserted in Plaintiffs' complaint do not support a cause of action against them, the Substitute Trustees have been improperly joined and their citizenship must be disregarded. *Guillory v. PPG Indus.*, 434 F.3d 303, 308, 313 (5th Cir. 2005); *cf. Crockett v. R. J. Reynolds Tobacco Co.*, 2006 U.S. App. LEXIS 1390 *7-9 (5th Cir. Jan. 13, 2006).

15.     There is complete diversity between the Plaintiffs and all relevant defendants in this matter. Plaintiffs are citizens of Texas. Ocwen is a citizen of Florida and Deutsche Bank is a citizen of California. Because the citizenship of Rosamunda Findeisen and Baxter & Schwartz, P.C. must be disregarded for jurisdictional purposes, there is complete diversity among the relevant parties. *See* 28 U.S.C. § 1332(a)(1).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

16.     Plaintiffs' complaint also meets the $75,000 amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

17.     In the complaint, Plaintiffs assert nine causes of action against the defendants, including intentional tort claims for intentional infliction of emotional distress and violations of Texas debt collection laws. (*See* Compl. Counts A-I.) They contend, among other things, that Ocwen wrongfully instituted foreclosure proceedings against them; demanded more than was actually due to avoid foreclosure; failed to accept payments and pretended that lack of payment was a default; and harassed them concerning payment of sums they did not owe. (*See* Compl. ¶¶ 21, 24, 31.) For these alleged wrongs (which Ocwen emphatically denies), Plaintiffs seek an unlimited amount of compensatory and punitive damages.

18.     Where, as here, a plaintiff seeks recovery of an indeterminate amount, diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003) (quoting *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). This burden may be met if "it is facially apparent" from the complaint that the plaintiff's claims "are likely" to exceed $75,000, exclusive of interest and costs. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The determination of whether jurisdiction is "facially apparent" is "left in part to the court's intuition and common sense." *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593, 595 (E.D. Tex. 1996). Where jurisdiction is not "facially apparent," the removing defendant may use "summary judgment-type evidence" to establish that the amount in controversy exceeds $75,000. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). Jury verdicts in similar cases constitute competent evidence that the jurisdictional amount requirement has been met. *See, e.g., Amos v. Citifinancial, Inc.*, 243 F. Supp. 2d 587, 590-91 (N.D. Miss. 2003) (denying motion to remand and noting that "cases involving consumer loan disputes in Mississippi have resulted in jury verdicts for punitive damages in the millions").

19.     While Plaintiffs' complaint does not specify an amount of requested damages, it nonetheless is facially apparent that the damages claimed exceed the $75,000 jurisdictional threshold. In a case involving similar claims against Ocwen recently tried to verdict, the total jury award (even after application of statutory damages caps) exceeded $1 million. *See Davis v. Ocwen Federal Bank FSB*, et al., No. 04-CV-1469 (District Court of Galveston County, Texas). For jurisdictional purposes, the amount in controversy includes punitive damages. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 n.7 (5th Cir. 1998). Other jury verdicts in Texas relating to consumer loan disputes have resulted in punitive damages awards far exceeding

the jurisdictional minimum. *See, e.g., Garcia v. W.M.C. Mortgage Co.,* No. 2000-CI-90121, 73rd District of Bexar County, Texas (jury awarded $460,000 in punitive damages for violations of the Deceptive Trade Practices Act and the Truth in Lending Act relating to plaintiff's home mortgage loan); *Home Loan Corp. v. Thompson,* No. 2001-46491, 215th Judicial District, Harris County, Texas (jury awarded $550,000 in punitive damages for fraud and contract claims relating to plaintiff's home mortgage loan); *Moreno v. Kleberg First National Bank of Kingsville,* 105th District of Kleberg County, Texas (jury verdict included $2 million in punitive damages against bank for fraud claims and threats of foreclosure relating to plaintiff's home mortgage loan); *Brown v. Spencer Mortgage & Investments,* No. DV-99-02185-C, 68th Judicial District of Dallas County, Texas (bench trial award of $343,332 for mental anguish for fraud claims relating to refinance and wrongful foreclosure of plaintiff's home). Ocwen categorically denies that Plaintiffs are entitled to an award of damages in any amount whatever, but there can be no question that Plaintiffs' complaint places an amount in controversy that significantly exceeds $75,000.

20.     In addition to damages, Plaintiffs claim a statutory entitlement to attorneys' fees. (Compl. ¶ 45.) Attorneys' fees claimed under a statutory provision are included as part of the amount in controversy. *See Graham v. Henegar,* 640 F.2d 732, 736 (5th Cir. 1981) (citing *Missouri State Life Ins. Co. v. Jones,* 290 U.S. 199 (1933)). In Plaintiffs' counsel's recent similar case against Ocwen, counsel argued for an award of attorney's fees totaling $2,760,525, and the jury returned a verdict that included attorneys' fees in the hundreds of thousands of dollars. *Davis v. Ocwen Federal Bank FSB,* et al., No. 04-CV-1469 (District Court of Galveston County, Texas). Similar cases have awarded attorneys' fees exceeding the jurisdictional minimum. *See, e.g., Moreno v. Kleberg First National Bank of Kingsville,* 105th District of

NOTICE OF REMOVAL – Page 8

Kleberg County, Texas (jury verdict included $570,000 in attorneys' fees against bank for fraud claims and threats of foreclosure relating to plaintiff's home mortgage loan). Given the complexity of Plaintiffs' allegations, the likelihood of significant motion practice (including motions to dismiss, summary judgment motions, and others), and the presence of multiple defendants, Plaintiffs' attorneys' fee claim alone places in controversy an amount that exceeds $75,000. For this independent reason, it is facially apparent from the complaint that Plaintiffs' claims exceed the jurisdictional threshold.

## FEDERAL QUESTION JURISDICTION

21.     Federal question jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1331 because Plaintiffs assert claims the resolution of which will necessitate adjudication of substantial, disputed questions of federal law.

22.     Even where a particular claim does not arise directly under federal law and is not completely preempted, it is removable to federal court if it depends on the resolution of substantial predicate questions of federal law. *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363, 2367 (2005). Federal question jurisdiction exists because Plaintiffs' claims depend on the determination of Plaintiffs' rights and defendants' duties, if any, under federal law.

23.     Plaintiffs allege that the Ocwen defendants "fail[ed] to provide Plaintiffs timely and clear information about the timing and amount of payments owed." (Compl. ¶ 21(b).) The duty of creditors to disclose the "number, amount, and due dates or period of payments scheduled to repay the total of payments" is created by the federal Truth-in-Lending Act ("TILA"). *See* 15 U.S.C. § 1638(a). Plaintiffs' claim that this duty was breached thus depends on the existence, scope, and breach of the defendants' duty, if any, under TILA. *See Gandy v.*

NOTICE OF REMOVAL – Page 9

*The Peoples Bank and Trust Co.*, 1998 U.S. Dist. LEXIS 11410, at *11 (S.D. Miss. 1998) (denying remand because "to vindicate plaintiff's putative state law claims, this court must necessarily construe the TILA"); *see also In re Ocwen Federal Bank Mort. Serv. Litig*, 1:02cv06818, slip op. at 2 (N.D. Ill. Aug 22, 2005) (denying remand because allegations that Ocwen failed to disclose fees raised substantial federal question regarding the scope of its disclosure duties under TILA).

 24. In the complaint, Plaintiffs allege that Ocwen "demand[ed] more than is actually due to avoid foreclosure." (Compl. ¶ 21(g).) The duty not to falsely represent the "the character, amount, or legal status of any debt" is created by the federal Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. § 1692e(2). Plaintiffs' claim that this duty was breached thus depends on the existence, scope, and breach of defendants' duties, if any, under FDCPA.

 25. Plaintiffs allege that Ocwen failed to "verify the debt on the request of Plaintiffs;" provided "inconsistent accounting information on the amount of the debt;" and "generally fail[ed] to cooperate in allowing Plaintiffs to refinance or sell their home." (Compl. ¶ 33.) The federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, creates a "[d]uty of [a] loan servicer to respond to borrower inquiries." 12 U.S.C. § 2605(e). Under RESPA, after receipt of a borrower's inquiry, the loan servicer is required to provide a written explanation or clarification of the information requested. *See id.* Plaintiffs' claim that this duty was breached thus depends on the existence, scope, and breach of defendants' duties, if any, under RESPA.

 26. In these and other respects, the claims asserted in Plaintiffs' complaint necessitate the resolution of substantial, disputed questions of federal law sufficient to confer federal subject-matter jurisdiction on this Court.

27.     Plaintiffs' putative disclaimer of "rights and causes of action under any federal law" cannot affect the removability of this action because, as federal courts have consistently held, even causes of action pled entirely under state law are removable if the right to relief under state law will necessarily involve the resolution of a substantial question of federal law. *E.g. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (finding jurisdiction under substantial federal question doctrine based on "commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law").

## VENUE

28.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the District Court of Guadalupe County, Texas, the forum in which the removed action was pending.

## NOTICE

29.     Concurrently with the filing of this Notice, Ocwen will file a copy of this Notice of Removal in Cause No. 07-1602-cv in the 25th Judicial District Court of Guadalupe County, Texas.

30.     The contents of Exhibit B constitute the entire file of Cause No. 07-1602-cv in the 25th Judicial District Court of Guadalupe County, Texas.

Respectfully submitted,

By: _Mark D. Cronenwett_   *w/ perm.*
                            *by us*

**MARK D. CRONENWETT**
Texas Bar No. 00787303
Lead Attorney
Admitted in the Western District

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 4000
Dallas, TX 75202
(214) 672-2151
(214) 672-2351 (Fax)

**LINDSAY L. STANSBERRY**
Texas Bar No. 24041968
Admitted in the Western District

**COWLES & THOMPSON, P.C.**
1202 First Place
Tyler, TX 75702
(903) 596-9000
(903) 596-9005 (Fax)

ATTORNEYS FOR DEFENDANTS
OCWEN LOAN SERVICING, LLC, SUCCESSOR
IN INTEREST TO OCWEN FEDERAL BANK
FSB, AND DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Notice of Removal was served by certified mail, return receipt requested, on this the 23rd day of October 2007 on the following:

William H. Oliver, Esq.
Pipkin, Oliver & Bradley, L.L.P.
1020 Northeast Loop 410, Suite 810
San Antonio, Texas 78209

Robert C. Hilliard, Esq.
Hilliard & Munoz, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401

Edward M. Carstarphen, Esq.
Ellis, Carstarphen, Dougherty & Coldenthal, P.C.
5847 San Felipe, Suite 1900
Houston, Texas 77057

Don Schwartz
SCHWARTZ & KALINOWSKI, LLP
1821 Mons Avenue
Rosenberg, TX 77471

_____
LINDSAY L. STANSBERRY

### List of All Known Counsel of Record

For Plaintiffs James Hallmark and Judy Hallmark

William H. Oliver, Esq.
Pipkin, Oliver & Bradley, L.L.P.
1020 Northeast Loop 410, Suite 810
San Antonio, Texas 78209
210.820.0082 (Phone)
210.820.0077 (Fax)

Robert C. Hilliard, Esq.
Hilliard & Munoz, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401
361.882.1612 (Phone)
361.882.3015 (Fax)

Edward M. Carstarphen, Esq.
Ellis, Carstarphen, Dougherty & Coldenthal, P.C.
5847 San Felipe, Suite 1900
Houston, Texas 77057
713.647.6800 (Phone)
713.647.6884 (Fax)


For Defendants Ocwen Loan Servicing, LLC, Successor in Interest to Ocwen Federal Bank FSB
("Ocwen") and Deutsche Bank National Trust Company, as Trustee

Mark D. Cronenwett,
Lead Attorney
COWLES & THOMPSON, PC
901 Main St., Suite 4000
Dallas, TX 75202
214.672.2000 (Phone)
214.672.2020 (Fax)

Lindsay L. Stansberry
COWLES & THOMPSON, PC
1202 First Place
Tyler, TX 75702
903.596.9000 (Phone)
903.596.9005 (Fax)

NOTICE OF REMOVAL – Page 14

For Defendant Baxter & Schwartz, P.C.

Don Schwartz
SCHWARTZ & KALINOWSKI, LLP
1821 Mons Avenue
Rosenberg, TX  77471
281.342.2806 (Phone)
281.342.2807 (Fax)